**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CLERK'S CERTIFICATE AND APPEALS COVER SHEET**

**ABBREVIATED ELECTRONIC RECORD**

Case Caption:    Van Etten v. Fattman et al

District Court Number:    24cv40113-MRG

Fee:    Paid?   Yes __X__   No _____    Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending    Yes _____ No __X__        Sealed documents    Yes _____ No __X__
*If yes, document #* _____        *If yes, document #* _____

*Ex parte* documents    Yes _____ No __X__        Transcripts    Yes __X__ No _____
*If yes, document #* _____        *If yes, document #*    137

Notice of Appeal filed by: Plaintiff/Petitioner __X__    Defendant/Respondent _____    Other: _____

Appeal from:

#136 Magistrate Report and Recommendations, #149 Memorandum and Order, #151 Order of Dismissal
Other information:

I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #136, #149, #151, and #152

with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # __152___ filed on __March 18, 2026____.

In testimony whereof, I hereunto set my hand and affix the seal of this Court on __March 18, 2026__.

**ROBERT M. FARRELL**
Clerk of Court

/s/Matthew A. Paine
Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

**PLEASE RETURN TO THE USDC CLERK'S OFFICE**

APPEAL,EFiler,MOTREF

# United States District Court
## District of Massachusetts (Worcester)
## CIVIL DOCKET FOR CASE #: <u>4:24−cv−40113−MRG</u>

Van Etten v. Fattman et al
Assigned to: District Judge Margaret R. Guzman
Case in other court:  USCA − First Circuit, 25−01095
Cause: 42:1983 Civil Rights Act

Date Filed: 09/05/2024
Date Terminated: 03/06/2026
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Pro se litigant Gregory J. Vanetten**

represented by **Gregory J. Vanetten**
Gregory Alvin James Van Etten
1530 P B LN #V1425
Ste 76302
Wichita Falls, TX 76302
301−820−5302
Email: jim.vanetten@gmail.com
PRO SE

V.

**Defendant**

**Stephanie K. Fattman**

represented by **Alexander Weiss**
Office of the Attorney General
One Ashburton Place
Boston, MA 02108
617−963−2934
Email: alexander.weiss@mass.gov
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
Massachusetts Office of the Attorney
General
Government Bureau/Trial Division
One Ashburton Place
Ste 18th Floor
Boston, MA 02108
617−963−2441
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
Massachusetts Office of the Attorney
General
1 Ashburton Pl.
Suite 1813
Boston, MA 02108

1

617−963−2907
Email: mathias.fressilli@mass.gov
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
Massachusetts Office of the Attorney
General
Trial Division, Government Bureau
1441 Main Street
Suite 1200
Springfield, MA 01103
413−264−6419
Email: nigel.stevens@mass.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ashley Stewart**                                          represented by  **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Megan Brown**                                          represented by  **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Angelina Consolmagno**                    represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michele Cristello**                    represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jennifer Melia**                    represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel M Wrenn**                          represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Serge Georges, Jr**                          represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael S. Denham**                          represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

4

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Worcester Probate and Family Court**          represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Child Support Services Division**          represented by    **Alexander Weiss**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John L. Potapchuk**
(See above for address)
*TERMINATED: 02/18/2025*
*ATTORNEY TO BE NOTICED*

**Mathias Francis Fressilli**
(See above for address)
*TERMINATED: 08/12/2025*
*ATTORNEY TO BE NOTICED*

**Nigel Stevens**
(See above for address)

5

*ATTORNEY TO BE NOTICED*

**Defendant**

**Counsel for DOR/CSE Amy M.
Clayman**

**Defendant**

**Chief Counsel of DOR Joshua R.
Fishbein**

**Defendant**

**John and Jane Doe 1–10**

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2024 | 1 | COMPLAINT against All Defendants, filed by Gregory Alvin James Van Etten.(JB) (Entered: 09/05/2024) |
| 09/05/2024 | 2 | MOTION to Participate in Electronic Filing by Gregory Alvin James Van Etten.(JB) (Entered: 09/05/2024) |
| 09/05/2024 | 3 | NOTICE of Case Assignment. Magistrate Judge David H. Hennessy assigned to case. Plaintiff's counsel, or defendant's counsel if this case was initiated by the filing of a Notice of Removal, are directed to the Notice and Procedures regarding Consent to Proceed before the Magistrate Judge which can be downloaded here. These documents will be mailed to counsel not receiving notice electronically. Pursuant to General Order 09–3, until the Court receives for filing either a consent to the Magistrate Judge's jurisdiction or the reassignment of the case to a District Judge, the initial assignment of a civil case to the Magistrate Judge is a referral to the Magistrate Judge under 28 USC 636(b) for all pretrial non–dispositive matters and Report and Recommendations, but not for the Rule 16(b) scheduling conference. (JB) (Entered: 09/05/2024) |
| 09/05/2024 | 4 | Summons Issued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (JB) (Entered: 09/05/2024) |
| 09/11/2024 | 5 | Filing fee/payment: $ 405.00, receipt number 100008906 for 1 Complaint (O'Connor, Lilian) (Entered: 09/11/2024) |
| 09/20/2024 | 6 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered granting 2 Motion for leave to electronically file Pro Se. Pro se litigants must have an individual PACER account to electronically file in the District of Massachusetts. To register for a PACER account, go the Pacer website at https://pacer.uscourts.gov/register–account. |

| | | Pro se e–filing account Instructions https://www.mad.uscourts.gov/caseinfo/nextgen–pro–se.htm. If you already have a PACER account with E–Filing access as a pro se litigant, you do not need to register again, but you must email tracy_mclaughlin@mad.uscourts.gov with the docket number so your account can be updated allowing you to E–file. (King, Dawn) (Entered: 09/20/2024) |
|---|---|---|
| 09/23/2024 | 7 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Ashley Stewart served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 8 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Angelina Consolmagno served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 9 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Worcester Probate and Family Court served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 10 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Serge Georges, Jr served on 9/17/2024, answer due 10/8/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 11 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Jennifer Melia served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 12 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Daniel M Wrenn served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 13 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Megan Brown served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 14 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Stephanie K. Fattman served on 9/16/2024, answer due 10/7/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 15 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Michael S. Denham served on 9/11/2024, answer due 10/2/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 16 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Child Support Services Division served on 9/11/2024, answer due 10/2/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 17 | AFFIDAVIT OF SERVICE Executed by Gregory J. Vanetten. Michele Cristello served on 9/11/2024, answer due 10/2/2024. Acknowledgement filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 09/23/2024) |
| 09/23/2024 | 18 | First MOTION for Preliminary Injunction by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 09/23/2024) |

| 09/27/2024 | 19 | NOTICE of Appearance by John L. Potapchuk on behalf of Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn (Potapchuk, John) (Entered: 09/27/2024) |
|---|---|---|
| 09/30/2024 | 20 | ELECTRONIC NOTICE TO COUNSEL: Notification forms indicating whether or not a party has consented to proceed before a U.S. Magistrate Judge have not been received in the Clerk's Office. The submission of the form is mandatory. Completed forms shall be filed promptly. Additional forms can be obtained on the Court's web page at http://www.mad.uscourts.gov. (King, Dawn) (Entered: 09/30/2024) |
| 09/30/2024 | 21 | First MOTION for Extension of Time to 11/15/2024 to Respond To The Complaint [Dkt. 1] And Plaintiff's Motion For Preliminary Injunction [Dkt. 18] by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Potapchuk, John) (Entered: 09/30/2024) |
| 10/01/2024 | 22 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered. re 21 First MOTION for Extension of Time to 11/15/2024 to Respond To The Complaint [Dkt. 1] And Plaintiff's Motion For Preliminary Injunction [Dkt. 18] filed by Stephanie K. Fattman, Michael S. Denham, Worcester Probate and Family Court, Jennifer Melia, Child Support Services Division, Daniel M Wrenn, Angelina Consolmagno, Ashley Stewart, Michele Cristello, Serge Georges, Jr., Megan Brown.<br><br>The court suspends the defendant's deadlines to respond to the 1 Complaint and 18 First MOTION for Preliminary Injunction; takes the motion under advisement; and Plaintiff is ordered to respond to 21 First MOTION for Extension of Time by close of business on 10/4/24. (King, Dawn)(King, Dawn) (Entered: 10/01/2024) |
| 10/01/2024 | 23 | Set/Reset Deadlines as to 21 First MOTION for Extension of Time to 11/15/2024 to Respond to the 1 Complaint; and Plaintiff's 18 Motion For Preliminary Injunction .<br><br>Responses due by close of business on 10/4/2024. (King, Dawn) (Entered: 10/01/2024) |
| 10/01/2024 | 24 | First RESPONSE to Motion re 21 First MOTION for Extension of Time to 11/15/2024 to Respond To The Complaint [Dkt. 1] And Plaintiff's Motion For Preliminary Injunction [Dkt. 18] *Conditional Assent* filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 10/01/2024) |
| 10/02/2024 | 25 | Second RESPONSE to Motion re 21 First MOTION for Extension of Time to 11/15/2024 to Respond To The Complaint [Dkt. 1] And Plaintiff's Motion For Preliminary Injunction [Dkt. 18] *Amended Conditional Assent* filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 10/02/2024) |
| 10/02/2024 | 26 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered granting 21 First MOTION for Extension of Time to 11/15/2024 to Respond To The Complaint [Dkt. 1] And Plaintiff's Motion For Preliminary Injunction [Dkt. 18] by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn |

| | | |
|---|---|---|
| | | Over Plaintiff's objection, which included an additional condition, the Court grants Defendants' 21 First Motion for Extension of Time to 11/15/2024 to Respond to The Complaint [Dkt. 1] And Plaintiff's Motion for Preliminary Injunction. Responses due 11/15/24. (King, Dawn) (Entered: 10/02/2024) |
| 10/02/2024 | 27 | Set/Reset Answer Deadlines: All Defendants. (King, Dawn) (Entered: 10/02/2024) |
| 10/02/2024 | 28 | Set/Reset Deadlines as to 18 First MOTION for Preliminary Injunction . Responses due by 11/15/2024. (King, Dawn) (Entered: 10/02/2024) |
| 10/04/2024 | 29 | Emergency MOTION to Stay *Income Withholding Order* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 10/04/2024) |
| 10/08/2024 | 30 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered denying with leave to refile 29 Emergency MOTION to Stay Income Withholding Order by Gregory J. Vanetten. Plaintiff's motion is denied with leave to refile upon compliance with Local Rule 7.1. (King, Dawn) (Entered: 10/08/2024) |
| 10/08/2024 | 31 | Emergency MOTION to Stay *Income Withholding Order with compliance to Local Rule 7.1* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 10/08/2024) |
| 10/21/2024 | 32 | Opposition re 31 Emergency MOTION to Stay *Income Withholding Order with compliance to Local Rule 7.1* filed by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Potapchuk, John) (Entered: 10/21/2024) |
| 10/22/2024 | 33 | ELECTRONIC NOTICE TO COUNSEL: Notification forms indicating whether or not a party has consented to proceed before a U.S. Magistrate Judge have not been received in the Clerk's Office. The submission of the form is mandatory. Completed forms shall be filed promptly. Additional forms can be obtained on the Court's web page at http://www.mad.uscourts.gov. (King, Dawn) (Entered: 10/22/2024) |
| 10/23/2024 | 34 | First REPLY to Response to 31 Emergency MOTION to Stay *Income Withholding Order with compliance to Local Rule 7.1* filed by Gregory J. Vanetten. (Attachments: # 1 Exhibit Exhibit #1, # 2 Exhibit Exhibit #2, # 3 Exhibit Exhibit #3, # 4 Exhibit Exhibit #4)(Vanetten, Gregory) (Entered: 10/23/2024) |
| 10/23/2024 | 35 | Refusal to Consent to Proceed Before a US Magistrate Judge. . (Vanetten, Gregory) (Entered: 10/23/2024) |
| 10/23/2024 | 36 | ELECTRONIC NOTICE of Case Reassignment. District Judge Margaret R. Guzman assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge David H. Hennessy. (Burgos, Sandra) (Entered: 10/23/2024) |
| 10/24/2024 | 37 | Assented to MOTION for Leave to File Excess Pages *in Memorandum in Support of Motion to Dismiss* by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Potapchuk, John) (Entered: 10/24/2024) |

| 11/01/2024 | 38 | NOTICE by Gregory J. Vanetten re 31 Emergency MOTION to Stay *Income Withholding Order with compliance to Local Rule 7.1 Request for Ruling* (Vanetten, Gregory) (Entered: 11/01/2024) |
|---|---|---|
| 11/13/2024 | 39 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered granting 37 Motion for Leave to File Excess Pages. Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include – Leave to file granted on November 13, 2024 – in the caption of the document. (Frisch, Suzanne) (Entered: 11/13/2024) |
| 11/13/2024 | 40 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge David H. Hennessy. Referred for: Report and Recommendations (rr). Motions referred: 31 Emergency MOTION to Stay *Income Withholding Order with compliance to Local Rule 7.1*, 18 First MOTION for Preliminary Injunction . Further information: Ruling on motions. (Frisch, Suzanne) (Entered: 11/13/2024) |
| 11/14/2024 | 41 | MOTION to Dismiss by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Potapchuk, John) (Entered: 11/14/2024) |
| 11/14/2024 | 42 | MEMORANDUM in Support re 41 MOTION to Dismiss *and In Opposition to Plaintiff's Motion for Preliminary Injunction [Dkt. 18]* filed by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16)(Potapchuk, John) (Entered: 11/14/2024) |
| 11/18/2024 | 43 | First RESPONSE to Motion re 41 MOTION to Dismiss *PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS* filed by Gregory J. Vanetten. (Attachments: # 1 Exhibit #1, # 2 Exhibit #2, # 3 Exhibit #3, # 4 Exhibit #4, # 5 Exhibit #5, # 6 Exhibit #6, # 7 Exhibit #7)(Vanetten, Gregory) (Entered: 11/18/2024) |
| 12/06/2024 | 44 | MOTION to Expedite *EMERGENCY MOTION TO STAY INCOME WITHHOLDING ORDER with compliance to Local Rule 7.1* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 12/06/2024) |
| 12/10/2024 | 45 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT AND RECOMMENDATIONS re 31 Emergency MOTION to Stay Income Withholding Order with compliance to Local Rule 7.1 filed by Gregory J. Vanetten; and 18 First MOTION for Preliminary Injunction filed by Gregory J. Vanetten<br><br>Recommendation: DENY 31 Emergency MOTION to Stay Income Withholding Order with compliance to Local Rule 7.1; and DENY First MOTION for Preliminary Injunction<br><br>Objections to R&R due by 12/24/2024.(King, Dawn) (Entered: 12/11/2024) |
| 12/11/2024 | 46 | Case no longer referred to Magistrate Judge David H. Hennessy. (King, Dawn) (Entered: 12/11/2024) |

| 12/16/2024 | 47 | OBJECTION to 45 Report and Recommendations *AND REQUEST FOR ORAL ARGUMENTS* filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 12/16/2024) |
|---|---|---|
| 12/30/2024 | 48 | REPLY TO OBJECTION to 45 Report and Recommendations filed by Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges, Jr. (Potapchuk, John) (Entered: 12/30/2024) |
| 01/16/2025 | 49 | NOTICE by Gregory J. Vanetten *of Filing Writ of Mandamus in the First Circuit Court of Appeals* (Vanetten, Gregory) (Entered: 01/16/2025) |
| 01/21/2025 | 50 | Duplicate NOTICE of Filing Writ of Mandamus in the First Circuit Court of Appeals by Gregory J. Vanetten.(SB) (Entered: 01/22/2025) |
| 01/22/2025 | 51 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered adopting Report and Recommendations 45 . For the reasons stated in Defendants' Reply 48 , as well as for the reasons set forth in the R&R 45 , Defendants Opposition to Plaintiffs Emergency Motion, 32 , and Defendants Memorandum in Support of Their Motion to Dismiss and in Opposition to Plaintiffs Motion for Preliminary Injunction, 42 , the Court overrules Plaintiff's objections to the R&R and adopts it in full. Plaintiff's Emergency Motion to Stay Income Witholding Order 31 and Motion for Preliminary Injunction 18 are DENIED. (SF) (Entered: 01/22/2025) |
| 01/22/2025 | 52 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered finding as moot 44 Motion to Expedite; denying 18 Motion for Preliminary Injunction; denying 31 Motion to Stay. (SF) (Entered: 01/22/2025) |
| 01/22/2025 | 53 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge David H. Hennessy Referred for: Report and Recommendation on 41 MOTION to Dismiss. Further information: Report and Recommendation. (SF) Motions referred to David H. Hennessy. (Entered: 01/22/2025) |
| 01/23/2025 | 54 | ORDER of USCA on Petition for Mandamus. The petition for writ of mandamus is DENIED... (MAP) (Entered: 01/24/2025) |
| 01/24/2025 | 55 | NOTICE OF APPEAL as to 51 Order on Report and Recommendations,, by Gregory J. Vanetten NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 2/13/2025. (Vanetten, Gregory) (Entered: 01/24/2025)** |
| 01/24/2025 | 56 | NOTICE of Appearance by Mathias Francis Fressilli on behalf of Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges, Jr (Fressilli, Mathias) (Entered: 01/24/2025) |

11

| | | |
|---|---|---|
| 01/26/2025 | 57 | Certified and Transmitted Abbreviated Electronic Record on Appeal to US Court of Appeals re 55 Notice of Appeal. (MAP) (Entered: 01/26/2025) |
| 01/27/2025 | 58 | USCA Case Number 25–1095 for 55 Notice of Appeal, filed by Gregory J. Vanetten. (MAP) (Entered: 01/27/2025) |
| 01/29/2025 | 59 | MOTION to Withdraw as Attorney by Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges, Jr.(Potapchuk, John) (Entered: 01/29/2025) |
| 02/14/2025 | 60 | NOTICE by Gregory J. Vanetten re 55 Notice of Appeal,,, *PLAINTIFFS NOTICE OF PAYMENT OF FEES* (Vanetten, Gregory) (Entered: 02/14/2025) |
| 02/18/2025 | 61 | Magistrate Judge David H. Hennessy: ELECTRONIC ORDER entered granting 59 Motion to Withdraw as Attorney. Attorney John L. Potapchuk terminated (DMK) (Entered: 02/18/2025) |
| 02/19/2025 | 62 | Filing fee/payment: $ 605.00, receipt number 100010688 for 55 NOTICE OF APPEAL as to 51 Order on Report and Recommendations,, (NVB) Modified docket text on 2/20/2025 (SB). (Entered: 02/19/2025) |
| 02/24/2025 | 63 | MOTION to Strike 42 Memorandum in Support of Motion,, 41 MOTION to Dismiss *BASED ON NEW EVIDENCE* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 02/24/2025) |
| 02/25/2025 | 64 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING MOTION 63 MOTION to Strike 42 Memorandum in Support of Motion, 41 MOTION to Dismiss *BASED ON NEW EVIDENCE* filed by Gregory J. Vanetten to Magistrate Judge David Hennessy. (SF) Motions referred to David H. Hennessy. (Entered: 02/25/2025) |
| 04/03/2025 | 65 | Magistrate Judge David H. Hennessy: REPORT AND RECOMMENDATION entered re 41 MOTION to Dismiss by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn and 63 MOTION to Strike 42 Memorandum in Support of Motion 41 Motion to Dismiss Based on New Evidence by Gregory J. Van Etten.<br><br>Recommendation: DISMISS without prejudice and with leave to refile 41 MOTION to Dismiss and 63 MOTION to Strike.<br><br>Objections to R&R due by 4/17/2025(DMK) (Entered: 04/03/2025) |
| 04/03/2025 | 66 | Case no longer referred to Magistrate Judge David H. Hennessy. (DMK) (Entered: 04/03/2025) |
| 04/14/2025 | 67 | Request for Judicial Notice *OF FRAUDULENT SERVICE BY PUBLICATION REGARDING THE MOTION AND ORDER IN VANETTEN v. VANETTEN* by Gregory J. Vanetten. (Attachments: # 1 Exhibit Exhibit #1, # 2 Exhibit Exhibit #2)(Vanetten, Gregory) (Entered: 04/14/2025) |
| 04/14/2025 | 68 | NOTICE by Gregory J. Vanetten re 65 REPORT AND RECOMMENDATIONS re 63 MOTION to Strike 42 Memorandum in Support of Motion,, 41 MOTION to Dismiss *BASED ON NEW EVIDENCE* filed by Gregory J. Vanetten, 41 MOTION to |

| | | |
|---|---|---|
| | | Dismiss filed by Stephanie K. Fattm, 67 Request for Judicial Notice, 63 MOTION to Strike 42 Memorandum in Support of Motion,, 41 MOTION to Dismiss *BASED ON NEW EVIDENCE NOTICE OF RESCINDING SIGNATURE ON JUDGMENT AND ORDERS IN VANETTEN v. VANETTEN* (Vanetten, Gregory) (Entered: 04/14/2025) |
| 06/06/2025 | 69 | MOTION to Withdraw and Strike Deficient Service Exhibits re 41 MOTION to Dismiss (Responses due by 6/20/2025) by Gregory J. Vanetten.(JB) (Entered: 06/06/2025) |
| 06/09/2025 | 70 | NOTICE by Gregory J. Vanetten *Formal Demand for Copy of Income Withholding Order* (Attachments: # 1 Affidavit)(Vanetten, Gregory) (Entered: 06/09/2025) |
| 06/23/2025 | 71 | NOTICE by Gregory J. Vanetten re 69 MOTION to Withdraw 41 MOTION to Dismiss MOTION to Strike *Notice of Defendants Failure to Oppose Plaintiffs Motion to Withdraw and Strike Service Exhibits (Dkt. 69) and Admission by Silence of Material Facts* (Attachments: # 1 Supplement motion to supplement the record filed in the United States Court of Appeals for the First Circuit (Case No. 25–1095))(Vanetten, Gregory) (Entered: 06/23/2025) |
| 06/23/2025 | 72 | EXHIBIT by Gregory J. Vanetten. (Attachments: # 1 Envelope)(JB) (Entered: 06/23/2025) |
| 07/01/2025 | 73 | NOTICE of Appearance by Nigel Stevens on behalf of Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn (Stevens, Nigel) (Entered: 07/01/2025) |
| 07/30/2025 | 74 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. After consideration of the objections filed [ECF 68], the 65 Report and Recommendations of Magistrate Judge David Hennessy is ACCEPTED AND ADOPTED, denying 41 Motion to Dismiss; denying 63 Motion to Strike. The motions are DENIED without prejudice and with leave to refile following a decision by the First Circuit on Plaintiff's appeal from the District Court's decision denying the motion for a preliminary injunction. (SF) (Entered: 07/30/2025) |
| 07/31/2025 | 75 | USCA Judgment as to 55 Notice of Appeal, filed by Gregory J. Vanetten (MAP) (Entered: 08/01/2025) |
| 08/01/2025 | 76 | NOTICE by Gregory J. Vanetten *NOTICE OF ADVERSE JUDGMENT* (Vanetten, Gregory) (Entered: 08/01/2025) |
| 08/01/2025 | 77 | NOTICE by Gregory J. Vanetten *NOTICE OF RESERVATION OF RIGHTS TO FILE § 1983 CLAIMS AGAINST JUDICIAL OFFICERS FOR CONTINUED ENFORCEMENT OF VOID JUDGMENTS* (Vanetten, Gregory) (Entered: 08/01/2025) |
| 08/01/2025 | 78 | MOTION to Withdraw as Attorney by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Fressilli, Mathias) (Entered: 08/01/2025) |
| 08/01/2025 | 79 | Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 08/01/2025) |
| 08/01/2025 | 80 | |

13

| | | |
|---|---|---|
| | | NOTICE by Gregory J. Vanetten *RULE 11(c) SAFE HARBOR NOTICE TO COUNSEL OF RECORD* (Vanetten, Gregory) (Entered: 08/01/2025) |
| 08/04/2025 | 81 | NOTICE by Gregory J. Vanetten *NOTICE OF PRO SE STATUS AND CONSTITUTIONAL RIGHTS* (Vanetten, Gregory) (Entered: 08/04/2025) |
| 08/04/2025 | 82 | Emergency MOTION to Expedite *MOTION FOR PROMPT RULING ON PLAINTIFFS EMERGENCY RULE 60(b)(4) MOTION* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 08/04/2025) |
| 08/05/2025 | 83 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *SUPPLEMENTAL JUDICIAL NOTICE OF ONGOING CONSTITUTIONAL HARM, AGENCY OVERREACH AND NEED FOR PROMPT RULING ON RULE 60(b)(4) MOTION* (Vanetten, Gregory) (Entered: 08/05/2025) |
| 08/07/2025 | 84 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *Plaintiff submits this supplemental notice to inform the Court that all four children named in the operative Income Withholding Order already on file are now fully emancipated under Massachusetts law, with $0.00 current support and any alleged obligation consisting solely of past−due arrears. Provided solely for the Courts reference in advance of ruling on Plaintiffs pending Rule 60(b)(4) motion. No action requested.* (Vanetten, Gregory) (Entered: 08/07/2025) |
| 08/08/2025 | 85 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *Plaintiff submits this Judicial Notice pursuant to Federal Rule of Evidence 201 to alert the Court to material facts contained in the official public docket of the Worcester Probate and Family Court, Docket No. 07D−1562−DV1* (Attachments: # 1 Exhibit Original summons issued by Worcester Probate and Family Court. Never Served, # 2 Exhibit Motion alleges attempts made to serve in hand without supporting affidavit of diligent search. Factual predicate is unsupported and false, rendering the motion defective. No distinct selection of Motion Allowed or Denied., # 3 Exhibit Order granting service by publication with handwritten COPY across document. Return section is blank; no mailing or publica− tion certification, receipt or tear sheet attached or on record. Was never published and no return of service., # 4 Exhibit Purported summons by publication with handwritten COPY across document. No return filed; no proof of publication. No evidence it was ever served in any form, # 5 Exhibit Handwritten Motion allowed 07−03−2007 appears on motion page, but the actual order page is blank, undated, and unsigned. No valid court order issued in compliance with procedural rules., # 6 Exhibit Income withholding order lists $0 current support for all emancipated children, yet directs ongoing withholding. Social Security numbers and birthdates redacted. Relies entirely on void underlying orders entered without jurisdiction. No supporting order number under "Order ID". No Signature or Date on page 2 of 4.)(Vanetten, Gregory) (Entered: 08/08/2025) |
| 08/11/2025 | 86 | NOTICE by Gregory J. Vanetten *Plaintiff files this supplemental clarification to confirm that the divorce decree itself is not challenged in this action, and to restate that only ancillary orders entered without lawful service or jurisdiction are at issue. This filing also places Defendants on notice regarding the potential consequences of* |

14

| | | |
|---|---|---|
| | | *submitting or relying upon fraudulent service documents. No Court action is requested.* (Vanetten, Gregory) (Entered: 08/11/2025) |
| 08/11/2025 | 87 | MOTION for Leave to File Excess Pages by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Stevens, Nigel) (Entered: 08/11/2025) |
| 08/11/2025 | 88 | NOTICE by Gregory J. Vanetten re 87 MOTION for Leave to File Excess Pages *Plaintiff files Judicial Notice of Jurisdictional Priority and Conditional Non−Opposition to Defendants Motion for Leave to File Excess Pages (ECF No. 87), advising that Plaintiffs pending Emergency Motion for Relief from Judgment Under Rule 60(b)(4) (ECF No. [insert]) raises threshold jurisdictional defects that must be resolved before or contemporaneously with any ruling on Defendants substantive or procedural filings.* (Vanetten, Gregory) (Entered: 08/11/2025) |
| 08/12/2025 | 89 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered granting 78 Motion to Withdraw as Attorney. Attorney Mathias Francis Fressilli terminated; granting 87 Motion for Leave to File Memorandum in Excess of 20 Pages. (SF) (Entered: 08/12/2025) |
| 08/12/2025 | 90 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge David H. Hennessy Referred for: Events Only (e). Motions referred: 82 Emergency MOTION to Expedite *Motion For Prompt Ruling on Plaintiff's Emergency RUle 60(b)(4) MOTION*; 79 Emergency Motion Emergency Relief From Judgment Under Rule 60(b)(4) Due to Void Orders and Continuing Irreparable Injury . (SF) Motions referred to David H. Hennessy. (Entered: 08/12/2025) |
| 08/13/2025 | 91 | MOTION to Dismiss by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Stevens, Nigel) (Entered: 08/13/2025) |
| 08/13/2025 | 92 | MEMORANDUM in Support re 91 MOTION to Dismiss *and In Opposition to Plaintiff's Motion for Relief from Judgment [Dkt. 79]* filed by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7, # 8 Exhibit Exhibit 8, # 9 Exhibit Exhibit 9, # 10 Exhibit Exhibit 10, # 11 Exhibit Exhibit 11, # 12 Exhibit Exhibit 12, # 13 Exhibit Exhibit 13, # 14 Exhibit Exhibit 14, # 15 Exhibit Exhibit 15, # 16 Exhibit Exhibit 16)(Stevens, Nigel) (Entered: 08/13/2025) |
| 08/13/2025 | 93 | Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *Requesting the Court decide Plaintiffs pending Rule 60(b)(4) motion (ECF No. 79) before or contemporaneously with any ruling on Defendants Motion to Dismiss.* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 08/13/2025) |
| 08/14/2025 | 94 | NOTICE by Gregory J. Vanetten *re: Clarification of Defendants Rule 7.1(a)(2) Certification* (Vanetten, Gregory) (Entered: 08/14/2025) |

15

| 08/14/2025 | 95 | NOTICE by Gregory J. Vanetten re 88 Notice (Other),, *NOTICE of Errata correcting docket number reference for Plaintiffs Rule 60(b)(4) motion to ECF No. 79; no substantive change* (Vanetten, Gregory) (Entered: 08/14/2025) |
|---|---|---|
| 08/14/2025 | 96 | AMENDED DOCUMENT by Gregory J. Vanetten. Amendment to 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRR *(supplies Local Rule 7.1(a)(2) statement; meet−and−confer not required for case−management relief)*. (Vanetten, Gregory) (Entered: 08/14/2025) |
| 08/14/2025 | 97 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING MOTIONS: 93 Emergency Motion Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss; 79 Emergency Motion for Emergency Relief From Judgment Under Rule 60(b)(4) Due to Void Orders and Continuing Irreparable Injury filed by Gregory J. Vanetten; 91 Motion to Dismiss filed by Stephanie K. Fattman, Michael S. Denham, Worcester Probate and Family Court, Jennifer Melia, Child Support Services Division, Daniel M Wrenn, Angelina Consolmagno, Ashley Stewart, Michele Cristello, Serge Georges, Jr, Megan Brown; 82 Emergency Motion to Expedite *Motion For Prompt Ruling on Plaintiff's Emergency 60(b)(4) MOotion* filed by Gregory J. Vanetten, 69 Motion to Withdraw and Strike Deficient Service Exhibits re 41 Motion to Dismissfiled by Gregory J. Vanetten. (SF) Motions referred to David H. Hennessy. (Entered: 08/14/2025) |
| 08/14/2025 | 98 | NOTICE by Gregory J. Vanetten re 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRR, 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 91 MOTION to Dismiss , 82 Emergency MOTION to Expedite *MOTION FOR PROMPT RULING ON PLAINTIFFS EMERGENCY RULE 60(b)(4) MOTION*, 69 MOTION to Withdraw 41 MOTION to Dismiss MOTION to Strike *Judicial Notice of Constitutional Priority, Non−Consent to Magistrate Jurisdiction, and Request for Immediate Ruling on ECF 79 and Separate Ruling on ECF 69* (Vanetten, Gregory) (Entered: 08/14/2025) |
| 08/15/2025 | 99 | NOTICE by Gregory J. Vanetten re 74 Order on Motion to Dismiss,,, Order on Motion to Strike,,, Order on Report and Recommendations,, 75 USCA Judgment, 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *Judicial Notice of Courts Acknowledgment of Pending Constitutional Question (ECF No. 74), Return of that Question by the First Circuit (ECF No. 75), Documented Clerk Non−Responsiveness, Demand for Certified Service Records, and Request for Prompt Ruling on Plaintiffs Emergency Rule 60(b)(4) Motion (ECF No. 79) by Gregory J. Vanetten.* (Vanetten, Gregory) (Entered: 08/15/2025) |
| 08/18/2025 | 100 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *(Supplemental filing with supporting Exhibits A − D)* (Attachments: # 1 Exhibit Exhibit A Unemployment |

16

| | | |
|---|---|---|
| | | Notice (Insight Global), # 2 Exhibit Exhibit B CSS/CSE Activity Logs, # 3 Exhibit Exhibit C Counsel Refusal Emails, # 4 Exhibit Exhibit D CSS/IRS Polling Activity Logs)(Vanetten, Gregory) (Entered: 08/18/2025) |
| 08/18/2025 | 101 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *(Supplemental filing re Clerks statutory duties and noncompliance; Exhibit A attached)* (Attachments: # 1 Exhibit Exhibit A – Email from Dawn King, Clerks Office)(Vanetten, Gregory) (Entered: 08/18/2025) |
| 08/18/2025 | 102 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 69 MOTION to Withdraw 41 MOTION to Dismiss MOTION to Strike *Judicial Notice of Defendants Failure to Oppose and Resulting Unrebutted Constitutional Defect* (Vanetten, Gregory) (Entered: 08/18/2025) |
| 08/18/2025 | 103 | NOTICE by Gregory J. Vanetten re 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRR, 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 82 Emergency MOTION to Expedite *MOTION FOR PROMPT RULING ON PLAINTIFFS EMERGENCY RULE 60(b)(4) MOTION*, 69 MOTION to Withdraw 41 MOTION to Dismiss MOTION to Strike *NOTICE INDEX OF FILINGS AND CONSTITUTIONAL PRIORITY* (Vanetten, Gregory) (Entered: 08/18/2025) |
| 08/18/2025 | 104 | Emergency REPLY to Response to 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 08/18/2025) |
| 08/19/2025 | 105 | Emergency MOTION to Compel *Expedited Limited Jurisdictional Production* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 08/19/2025) |
| 08/19/2025 | 106 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered. REFERRING CASE to Magistrate Judge David H. Hennessy Referred for: Full Pretrial, Dispositive Motions (ptd). (SF) (Entered: 08/19/2025) |
| 08/20/2025 | 107 | NOTICE by Gregory J. Vanetten re 106 Order Referring Case to Magistrate Judge, 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *Non–Consent to Magistrate Jurisdiction and Demand for Article III Ruling* (Vanetten, Gregory) (Entered: 08/20/2025) |
| 08/21/2025 | 108 | Emergency MOTION to Compel *PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION* by Gregory J. Vanetten. (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER ON MOTION TO COMPEL PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION)(Vanetten, Gregory) (Entered: 08/21/2025) |
| 08/21/2025 | 109 | Emergency MEMORANDUM in Support re 108 Emergency MOTION to Compel *PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION* filed by Gregory J. |

| | | |
|---|---|---|
| | | Vanetten. (Attachments: # 1 Exhibit Clerk email Aug 15, # 2 Exhibit Clerk email Aug 18, # 3 Exhibit Clerk email Aug 20, # 4 Exhibit LR 7.1 email re compel production, # 5 Exhibit LR 7.1 email re prompt ruling, # 6 Exhibit Referral NEF (ECF 106), # 7 Exhibit Docket Log Appendix (Aug 1 – Aug 21), # 8 Exhibit ECF 105 cover page)(Vanetten, Gregory) (Entered: 08/21/2025) |
| 08/21/2025 | 110 | Emergency CERTIFICATION pursuant to Local Rule 16.1 re *108 Emergency MOTION to Compel Prompt Ruling on Plaintiffs Rule 60(b)(4) Motion and 109 Emergency MEMORANDUM in Support*. (Vanetten, Gregory) (Entered: 08/21/2025) |
| 08/22/2025 | 111 | MANDATE of USCA as to 55 Notice of Appeal filed by Gregory J. Vanetten. Appeal 55 Terminated. (NMC) (Entered: 08/25/2025) |
| 08/25/2025 | 112 | NOTICE by Gregory J. Vanetten re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 105 Emergency MOTION to Compel *Expedited Limited Jurisdictional Production*, 111 USCA Mandate (Vanetten, Gregory) (Entered: 08/25/2025) |
| 08/26/2025 | 113 | Emergency MOTION to Compel *Prompt Ruling on Plaintiffs Rule 60(b)(4) Motion (ECF 79)* by Gregory J. Vanetten. (Attachments: # 1 Affidavit DECLARATION TO AUTHENTICITY OF EXHIBITS, # 2 Affidavit Declaration of Gregory Alvin James Van Etten in Support of Emergency Motion, # 3 Exhibit Amy Clayman Email Response, # 4 Exhibit Joshua Fishbein Email Response, # 5 Exhibit Final Demand Letter, # 6 Exhibit Redacted and Annotated IWO)(Vanetten, Gregory) (Entered: 08/26/2025) |
| 08/26/2025 | 114 | Opposition re 91 MOTION to Dismiss *(ECF 91 & 92)* filed by Gregory J. Vanetten. (Attachments: # 1 Affidavit Declaration Authenticating Exhibits, # 2 Exhibit A Amy Clayman Email Response, # 3 Exhibit B Joshua Fishbein Email Response, # 4 Exhibit C Final Demand Letter, # 5 Exhibit D Redacted and Annotated IWO)(Vanetten, Gregory) (Entered: 08/26/2025) |
| 08/26/2025 | 115 | NOTICE by Gregory J. Vanetten re 113 Emergency MOTION to Compel *Prompt Ruling on Plaintiffs Rule 60(b)(4) Motion (ECF 79)*, 114 Opposition to Motion, *clarifying that the Certificates of Service apply to the filings together with all supporting declarations and attached exhibits.* (Vanetten, Gregory) (Entered: 08/26/2025) |
| 08/26/2025 | 116 | Magistrate Judge David H. Hennessy: ORDER entered.<br><br>REPORT AND RECOMMENDATION re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY by Gregory J. Vanetten, 82 Emergency MOTION to Expedite MOTION FOR PROMPT RULING ON PLAINTIFFS EMERGENCY RULE 60(b)(4) MOTION by Gregory J. Vanetten, 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. Re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY Requesting the Court decide Plaintiffs pending Rule 60(b)(4) motion (ECF No. 79) before or contemporaneously with any ruling on Defendants Motion to Dismiss by Gregory J. Vanetten, and 108 Emergency MOTION to Compel PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION by Gregory J. Vanetten. |

Recommendation: DENY 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY by Gregory J. Vanetten and DENY as MOOT 82 Emergency MOTION to Expedite MOTION FOR PROMPT RULING ON PLAINTIFFS EMERGENCY RULE 60(b)(4) MOTION by Gregory J. Vanetten, 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. Re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING, IRREPARABLE INJURY Requesting the Court decide Plaintiffs pending Rule 60(b)(4) motion (ECF No. 79) before or contemporaneously with any ruling on Defendants Motion to Dismiss by Gregory J. Vanetten, and 108 Emergency MOTION to Compel PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION by Gregory J. Vanetten.

Objections to R&R due by 9/9/2025.(DMK)

(Entered: 08/26/2025)

| 08/27/2025 | 117 | OBJECTION to 116 Report and Recommendations *(Fed. R. Civ. P. 72(b))* filed by Gregory J. Vanetten. (Vanetten, Gregory) (Entered: 08/27/2025) |
| 08/27/2025 | 118 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT AND RECOMMENDATIONS re 113 Emergency MOTION to Compel *Prompt Ruling on Plaintiffs Rule 60(b)(4) Motion (ECF 79)* filed by Gregory J. Vanetten

Recommendation: DENY AS MOOT 113 Emergency MOTION to Compel Prompt Ruling on Plaintiffs Rule 60(b)(4) Motion (ECF 79) by Gregory J. Vanetten for the reasons set forth in the Report and Recommendation issued by the undersigned on August 26, 2025 (Docket # 116).

Objections to R&R due by 9/10/2025(DMK)

(Entered: 08/27/2025) |
| 09/03/2025 | 119 | Emergency MOTION for Leave to File *SUPPLEMENT PLAINTIFFS OBJECTION (DKT. 117) WITH CERTIFIED RECORDS UNARGUABLY DEMONSTRATING FRAUD ON THE COURT AND VOID SERVICE* by Gregory J. Vanetten. (Attachments: # 1 Exhibit A – Order for Service by Publication, # 2 Exhibit B – Summons by Publication (CJ–D 112A), # 3 Exhibit C – Plaintiffs Motion for Service by Publication, # 4 Exhibit D – Plaintiff s Ex Parte Motion for Temporary Orders, # 5 Exhibit E – Certified Docket Report (WO07D1562DV1))(Vanetten, Gregory) (Entered: 09/03/2025) |
| 09/05/2025 | 120 | [STRICKEN, per Dkt. # 136] ~~AMENDED COMPLAINT against Michele Cristello, Child Support Services Division, Amy M. Clayman, Joshua R. Fishbein, John and Jane Doe 1–10, filed by Gregory J. Vanetten. (Attachments: # 1 Exhibit A – Certified Probate Docket Report (WO07D1562DV1), # 2 Exhibit B – Motion, Summons, and Order for Service by Publication, # 3 Exhibit C – Ex Parte Temporary Orders, # 4 Exhibit D – Most Recent Income Withholding Order)~~ (Vanetten, Gregory) Modified on 10/29/2025 (DMK). (Entered: 09/05/2025) |
| 09/19/2025 | 121 | MOTION to Strike 120 Amended Complaint, by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, |

| | | |
|---|---|---|
| | | Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Stevens, Nigel) (Entered: 09/19/2025) |
| 09/19/2025 | 122 | MEMORANDUM in Support re 121 MOTION to Strike 120 Amended Complaint, filed by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn. (Stevens, Nigel) (Entered: 09/19/2025) |
| 09/19/2025 | 123 | AFFIDAVIT in Support re 121 MOTION to Strike 120 Amended Complaint, filed by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn. (Stevens, Nigel) (Entered: 09/19/2025) |
| 09/19/2025 | 124 | MOTION for Extension of Time to November 15, 2025 to File Response/Reply as to 120 Amended Complaint, by Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn.(Stevens, Nigel) (Entered: 09/19/2025) |
| 09/19/2025 | 125 | MOTION for Leave to File *Objection to Defendants Motion to Strike (ECF 121123) and for Sanctions.* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 09/19/2025) |
| 09/19/2025 | 126 | MOTION for Leave to File *Opposition to Defendants Motion to Extend Time (ECF 124).* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 09/19/2025) |
| 09/23/2025 | 127 | MOTION for Leave to File *MOTION TO STRIKE AFFIDAVIT OF COUNSEL (ECF 123)* by Gregory J. Vanetten. (Attachments: # 1 Exhibit PLAINTIFFS MOTION TO STRIKE AFFIDAVIT OF COUNSEL (ECF 123))(Vanetten, Gregory) (Entered: 09/23/2025) |
| 09/30/2025 | 128 | NOTICE by Gregory J. Vanetten *of Voidness Doctrine and Controlling Authority Regarding Rule 60(b)(4)* (Vanetten, Gregory) (Entered: 09/30/2025) |
| 10/06/2025 | 129 | ORDER of USCA on Petition for Mandamus. The petition for writ of mandamus is denied. (MAP) (Entered: 10/07/2025) |
| 10/08/2025 | 130 | Emergency MOTION for Leave to File *PLAINTIFFS MOTION FOR LEAVE TO FILE STATUS REQUEST REGARDING RULE 60(b)(4) MOTION (ECF NO. 79)* by Gregory J. Vanetten. (Attachments: # 1 Exhibit PLAINTIFFS STATUS REQUEST REGARDING PENDING RULE 60(b)(4) MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 79))(Vanetten, Gregory) (Entered: 10/08/2025) |
| 10/08/2025 | 131 | NOTICE by Gregory J. Vanetten re 108 Emergency MOTION to Compel *PROMPT RULING ON PLAINTIFFS RULE 60(b)(4) MOTION*, 125 MOTION for Leave to File *Objection to Defendants Motion to Strike (ECF 121123) and for Sanctions.*, 119 Emergency MOTION for Leave to File *SUPPLEMENT PLAINTIFFS OBJECTION (DKT. 117) WITH CERTIFIED RECORDS UNARGUABLY DEMONSTRATING FRAUD ON THE COURT AND VOID SERVICE*, 117 Objection to Report and Recommendations, 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 126 MOTION for Leave to File *Opposition to Defendants Motion to Extend Time (ECF 124).*, 130 Emergency MOTION for Leave to File *PLAINTIFFS MOTION FOR LEAVE TO FILE STATUS* |

| | | |
|---|---|---|
| | | *REQUEST REGARDING RULE 60(b)(4) MOTION (ECF NO. 79)*, 127 MOTION for Leave to File *MOTION TO STRIKE AFFIDAVIT OF COUNSEL (ECF 123) JUDICIAL NOTICE OF INACTION AND REQUEST FOR PROMPT RULING* (Vanetten, Gregory) (Entered: 10/08/2025) |
| 10/17/2025 | 132 | Emergency MOTION for Hearing re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY , 69 MOTION to Withdraw 41 MOTION to Dismiss MOTION to Strike *Plaintiffs Combined Motion to Clarify Scope of Curb Order, Request Ruling on Dkt. 69, and Set Hearing on Rule 60(b)(4) Motion*, Emergency MOTION for Clarification re 116 REPORT AND RECOMMENDATIONS re 93 Emergency MOTION Set sequencing and priority of Plaintiffs pending Rule 60(b)(4) motion before ruling on Defendants Motion to Dismiss. re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) *(Clarifies status of magistrates curb order under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b))*, Emergency MOTION re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY *(Requests prompt hearing or ruling pursuant to Fed. R. Civ. P. 1, 7, 72 and D. Mass. L.R. 7.1)* by Gregory J. Vanetten.(Vanetten, Gregory) (Entered: 10/17/2025) |
| 10/20/2025 | 133 | Magistrate Judge David H. Hennessy: ORDER entered. ORDER TO SHOW CAUSE.<br><br>Show Cause Hearing VIA VIDEO set for 10/23/2025 at 10:00 AM in Courtroom 1 – Worcester (Remote only) before Magistrate Judge David H. Hennessy. Videoconference link will be emailed to the parties.(DMK)<br><br>(Entered: 10/20/2025) |
| 10/23/2025 | 134 | Electronic Clerk's Notes for proceedings held before Magistrate Judge David H. Hennessy: Show Cause Hearing held by videoconference on October 23, 2025. Pro Se Plaintiff Gregory Van Etten present with Massachusetts Assistant Attorney General Nigel Stevens for all Defendants. Court hears argument on show cause order and finds that Van Etten has failed to comply with the Court's August 26, 2025, order prohibiting Van Etten from further filings until the Court issues a Report and Recommendation on Defendants' motion to dismiss. On the basis of such failure to comply, it is now ORDERED that Van Etten's e–filing privileges are suspended until further order of the Court. Van Etten has been notified that, should he fail to comply with this Court's orders, a dismissal with prejudice may ensue. (Court Reporter: Digital Recording.) To order a copy of this Digital Recording, please go to https://forms.mad.uscourts.gov/Audio.html. For a transcript of this proceeding, contact mad_transcripts@mad.uscourts.gov.(Attorneys (MM) (Entered: 10/23/2025) |
| 10/29/2025 | 135 | Emergency Rule 72(a) Objection and MOTION for Expedited Review by Gregory J. Vanetten. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order, # 3 cover letter)(SB) (Entered: 10/29/2025) |
| 10/29/2025 | 136 | Magistrate Judge David H. Hennessy: ORDER entered. REPORT AND RECOMMENDATIONS re 120 Amended Complaint, filed by Gregory J. Vanetten, 91 MOTION to Dismiss filed by Stephanie K. Fattman, Michael S. Denham, Worcester Probate and Family Court, Jennifer Melia, Child Support Services Division, Daniel M Wrenn, Angelina Consolmagno, Ashley Stewart, Michele |

|  |  |  |
|---|---|---|
|  |  | Cristello, Serge Georges, Jr, Megan Brown.<br><br>Recommendation: that the Court GRANT Defendants' Motion to Dismiss, [Dkt. No. 91], in its entirety.<br><br>Objections to Report & Recommendations due by 11/12/2025.<br><br>ORDER: I also DISALLOW Van Etten's Amended Complaint, [Dkt. No. 120], as futile.(DMK)<br><br>(Entered: 10/29/2025) |
| 10/30/2025 | 137 | Transcript of Show Cause Hearing (Digital Recording) held on October 23, 2025, before Magistrate Judge David H. Hennessy. The Transcript may be purchased through the Court Reporter, viewed at the public terminal, or viewed through PACER after it is released. Court Reporter Name and Contact Information: Kristin Kelley at kmob929@gmail.com. Redaction Request due 11/20/2025. Redacted Transcript Deadline set for 12/1/2025. Release of Transcript Restriction set for 1/28/2026. (DRK) (Entered: 10/30/2025) |
| 10/30/2025 | 138 | NOTICE is hereby given that an official transcript of a proceeding has been filed by the court reporter in the above–captioned matter. Counsel are referred to the Court's Transcript Redaction Policy, available on the court website at https://www.mad.uscourts.gov/caseinfo/transcripts.htm (DRK) (Entered: 10/30/2025) |
| 11/03/2025 | 139 | EMERGENCY OBJECTION to 136 Report and Recommendations filed by Gregory J. Vanetten. (Attachments: # 1 Exhibit, # 2 Cover Letter, # 3 Envelope)(JB) (Entered: 11/04/2025) |
| 11/10/2025 | 140 | EMERGENCY MOTION to Vacate 134 Show Cause Hearing,,,, by Gregory J. Vanetten. (Attachments: # 1 Text of Proposed Order, # 2 Cover Letter)(JB) (Entered: 11/10/2025) |
| 11/10/2025 | 141 | MOTION to Withdraw 116 REPORT AND RECOMMENDATIONS re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) by Gregory J. Vanetten. (Attachments: # 1 Text of Proposed Order)(JB) (Entered: 11/10/2025) |
| 12/15/2025 | 142 | MOTION for Mandatory Article III Ruling re 79 Emergency MOTION EMERGENCY RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY by Gregory J. Vanetten.(JB) (Entered: 12/15/2025) |
| 12/15/2025 | 143 | NOTICE of Continuing Irreparable Harm by Gregory J. Vanetten. (JB) (Entered: 12/15/2025) |
| 01/16/2026 | 144 | NOTICE of Appearance by Alexander Weiss on behalf of Megan Brown, Child Support Services Division, Angelina Consolmagno, Michele Cristello, Michael S. Denham, Stephanie K. Fattman, Serge Georges, Jr, Jennifer Melia, Ashley Stewart, Worcester Probate and Family Court, Daniel M Wrenn (Weiss, Alexander) (Entered: 01/16/2026) |
| 01/23/2026 | 145 | NOTICE of Supplemental Authority and Evidence by Gregory J. Vanetten. (Attachments: # 1 Exhibit)(SB) (Attachment 1 replaced on 1/26/2026) (SB). (Entered: 01/23/2026) |

| 02/02/2026 | 146 | EMERGENCY MOTION for Leave to File a Motion to Compel by Gregory J. Vanetten. (Attachments: # 1 Proposed Motion, # 2 Cover Letter)(JB) (Entered: 02/02/2026) |
|---|---|---|
| 03/06/2026 | 147 | Case no longer referred to Magistrate Judge David H. Hennessy. (SF) (Entered: 03/06/2026) |
| 03/06/2026 | 148 | Motions No Longer Referred to Magistrate Judge. (SF) (Entered: 03/06/2026) |
| 03/06/2026 | 149 | District Judge Margaret R. Guzman: ORDER entered. MEMORANDUM AND ORDER. For the foregoing reasons, Plaintiff's objections to the Magistrate Judge's R&Rs are **OVERRULED**. The R&Rs dated August 26, 2026 [ECF No. 116], August 27, 2026 [ECF No. 118] are **ADOPTED IN FULL**. Therefore, Plaintiff's Emergency Motion for Relief from Judgment under Rule 60(b)(4) [ECF No. 79] is **DENIED**. Plaintiff's other related motions [ECF Nos. 82, 93, 108] are **DENIED AS MOOT**.<br><br>The R&R dated October 29, 2025 [ECF No. 136] is **ADOPTED IN PART**. The R&R's rulings to grant Defendants' motion to dismiss pursuant to 12(b)(1) are **ADOPTED** but the R&R's rulings pursuant to 12(b)(6) are **REJECTED** because the Court lacks subject matter jurisdiction to review Plaintiff's claims on the merits. Accordingly, Defendants' motion to dismiss [ECF No. 91] is **GRANTED**. Further, the Court finds no error in the Magistrate's decision to deny leave to amend the complaint nor his decision to strike the amended complaint. Accordingly, Defendants' motion to strike the Amended Complaint and attached exhibits [ECF No. 121] is **GRANTED**.<br><br>Finally, as the motion to dismiss [ECF No. 91] is **GRANTED IN FULL**, judgment shall enter for the Defendants, all other pending motions shall be **DENIED AS MOOT**, and this civil action shall be **CLOSED**.<br><br>**SO ORDERED**. (SF)<br><br>(Entered: 03/06/2026) |
| 03/06/2026 | 150 | District Judge Margaret R. Guzman: ELECTRONIC ORDER entered DENYING AS MOOT the following motions: 69 Motion to Withdraw; 69 Motion to Strike; 105 Motion to Compel; 113 Motion to Compel; 119 Motion for Leave to File Document; 124 Motion for Extension of Time to File Response/Reply; 125 Motion for Leave to File Document; 126 Motion for Leave to File Document; 127 Motion for Leave to File Document; 130 Motion for Leave to File Document; 132 Motion for Hearing; 132 Motion for Clarification; 132 Motion for Hearing; 135 Motion to Expedite; 140 Motion to Vacate; 141 Motion to Withdraw; 142 Motion for Relief from Judgment; and 146 Motion for Leave to File Document. (SF) (Entered: 03/06/2026) |
| 03/06/2026 | 151 | District Judge Margaret R. Guzman: ORDER entered. ORDER DISMISSING CASE. (SF) (Entered: 03/06/2026) |
| 03/18/2026 | 152 | NOTICE OF APPEAL as to 149 Order on Motion for Miscellaneous Relief,,,,,, Order on Motion to Expedite,,,,,, Order on Motion to Dismiss,,,,,,,,,,,,, Order on Motion to Compel,,,,,, Order on Report and Recommendations,,,,,,,,,,,, Order on Motion to Strike,,,,,,,,,,,, by Gregory J. Vanetten.<br><br>NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at |

| | | http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf. US District Court Clerk to deliver official record to Court of Appeals by 4/7/2026. (Attachments: # 1 cover letter)(SB) (Entered: 03/18/2026)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
GREGORY J. VAN ETTEN                )
         Plaintiff,                 )
                                    )
                                    )
v.                                  )        Civil Action No.
                                    )        4:24-40113-MRG
STEPHANIE K. FATTMAN, ET AL.,       )
         Defendants.                )
                                    )
```

REPORT AND RECOMMENDATION

October 29, 2025

**Hennessy, M.J.**

This case is before the Court on Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion for Relief from Judgment. [Dkt. Nos. 91, 92]. Plaintiff, Gregory Alvin James Van Etten, opposes Defendants' Motion to Dismiss. [Dkt. No. 114]. On August 19, 2025, this case was referred to me for full pretrial dispositive motions. [Dkt. No. 106]. For the reasons stated herein, I RECOMMEND Defendants' Motion to dismiss be GRANTED.

I.       BACKGROUND

Van Etten initiated this matter pro se, invoking 42 U.S.C. §§ 1983 and 1985 and alleging that Defendants violated his constitutional rights through conduct and various proceedings that occurred in the Worcester Probate and Family Court, Superior Court, and Supreme Judicial Court ("SJC"), and through the collection of his wages pursuant to Income Withholding Orders. [Dkt. No. 1 at ¶¶ 12-41]. Van Etten names the following Defendants in the Complaint: the Worcester Probate and Family Court, the Massachusetts Child Support Services Department of Revenue ("CSS-DOR"), Probate and Family Court Associate Justice Jennifer Melia, Superior

1

25

Court Associate Justice Daniel M. Wrenn, SJC Associate Justice Serge Georges Jr. ("Judiciary Defendants"), Register of Probate Stephanie K. Fattman, Register of Probate Ashley Stewart, Assistant Register Megan Brown, Assistant Register Angelina Consolmagno ("individual Registry Defendants"), CSS-DOR Deputy Commissioner Michele Cristello, and Counsel for CSS-DOR Michael S. Denham ("individual CSS-DOR Defendants").  See id. at p. 1-3.

The facts presented in the Complaint date back to divorce proceedings Van Etten's ex-wife brought in 2007 in the Worcester Probate and Family Court.  Id. at ¶ 12.  In 2008 the Probate and Family Court issued a judgment of divorce.  Van Etten v. Van Etten, No. WO0D1562DV1 (Mass. Prob. & Fam. Ct.).[1]  Van Etten was ordered to pay child support, which was calculated based on his income from his previous occupation, although Van Etten had since left such job to become a Pastor.  [Dkt. No. 1 at ¶¶ 14-17].  Van Etten later declared bankruptcy due to the costs of child support and two households, which resulted in him losing his home and car.  Id. at ¶ 18.  Van Etten claims he was under duress as a result of the divorce proceedings and that the support agreement was induced by fraud.  Id. at ¶ 20.

Van Etten also claims that until sometime in 2023, he was unable to view some docket entries in the divorce case, including entries concerning service of process.  Id. at ¶ 23.  Van Etten asserts that upon accessing those entries, he discovered that the 2007 court-authorized alternate service by publication and mailing was improper.  Id. at ¶¶ 21-22, 34.  As a result, he now argues that he was not afforded due process, and therefore the Probate and Family Court's support orders must be declared null and void.  Id.

---

[1] This Court can take judicial notice of state court records in related proceedings.  Wiener v. MIB Grp., Inc., 86 F.4th 76, 81 n.3 (1st Cir. 2023).  The court issued a Judgment of Modification on June 25, 2009, reducing Van Etten's child support obligation.  Van Etten v. Van Etten, No. WO0D1562DV1 (Mass. Prob & Fam. Ct.).  Van Etten sought to modify the judgment in 2010 and again in 2014 and the court dismissed both motions.  Id.

2

The Complaint also alleges that in 2023 and 2024 the courts and their officers violated Van Etten's rights when Van Etten filed or attempted to file documents and motions in the Probate and Family, Superior, and Supreme Judicial Courts, including: a notice of no contract, interrogatories, a motion for an injunction, and two petitions for a writ of habeas corpus. Id. at ¶¶ 24-25, 27-30, 32-33, 36-39. The motions and petitions were denied; the filings were rejected or not answered. Id. Van Etten also directed several filings to CSS-DOR and the individual CSS-DOR Defendants, to which he did not receive responses. See id. at ¶¶ 24-26, 31, 35.

The Complaint seeks to permanently enjoin any collection efforts via Income Withholding Orders or otherwise, a declaration that all support orders are null and void, return of prior payments "collected by fraud," and relief from financial losses "caused by" and "due to" Defendants' conduct and orders. Id. at p. 16.

On September 23, 2024, Van Etten filed a First Motion for Preliminary Injunction to prohibit Defendants from enforcing Income Withholding Orders and other collection actions during the pendency of this litigation. [Dkt. No. 18 at p. 1]. Van Etten's Emergency Motion— filed two weeks after the First Motion for Preliminary Injunction was filed, and just six days after this Court granted Defendants' Motion for Extension of Time to Respond to the Complaint and Motion for Preliminary Injunction—requested the same relief as stated in the Motion for Preliminary Injunction: "to stay income withholding order pending court hearing and ruling on the complaint." [Dkt. No. 31 at p. 1]. The Court denied both Van Etten's Motion for Preliminary Injunction and his Emergency Motion to Stay Income Withholding Order, in large part because the Rooker-Feldman doctrine bars his claims. [Dkt. No. 51]. Van Etten promptly appealed this denial to the First Circuit, which affirmed the District Court's denial of relief. [Dkt. Nos. 55, 75].

3

On August 1, 2025, Van Etten filed an Emergency Motion for Emergency Relief from Judgment Under Rule 60(b)(4) Due to Void Orders and Continuing Irreparable Injury. [Dkt. No. 79]. He subsequently filed a motion on August 4, 2025, asking the Court to promptly rule on his August 1 motion for relief from judgment, [Dkt. No. 82], and, after Defendants filed their Motion to Dismiss on August 13, 2025, [Dkt. No. 91], Van Etten filed a motion asking the Court to consider his motion seeking relief from judgment before or contemporaneously with Defendants' Motion to Dismiss. [Dkt. No. 93]. Van Etten filed another motion asking the Court to issue a prompt ruling on his Rule 60(b)(4) motion on August 21, 2025. [Dkt. No. 108]. On August 26, 2025, I issued a Report and Recommendation ("R&R"), recommending that the Court deny Van Etten's Emergency Motion for Rule 60 relief (Dkt. No. 79) and deny the motions at Dockets # 82, 93, and 108 as moot. [Dkt. No. 116]. I also ordered that, other than filing objections to my R&R, Van Etten was to cease further filings until I issued an R&R on the pending motion to dismiss, noting that in the past four months, he had docketed 30 filings. Id. Van Etten's objection to my R&R, and the Court's ruling thereon are pending. [Dkt. No. 117].

Van Etten filed an Amended Complaint on September 5, 2025. [Dkt. No. 120]. Defendants responded with a Motion to Strike Amended Complaint on September 19, 2025. [Dkt. No. 121]. Defendants also filed a Motion for Extension of Time to November 15, 2025, to File Response/Reply as to Amended Complaint to which Van Etten has filed an opposition. [Dkt. Nos. 124, 126]. Van Etten has filed a Motion to File Objections to Defendants' Motion to Strike and for Sanctions. [Dkt. No. 125]. On October 17, ignoring the Court's order on further filings, [Dkt. No. 116], Van Etten filed an Emergency Motion for a Hearing, and for other relief. [Dkt. No. 132].

This Report and Recommendation addresses Defendants' Motion to Dismiss, [Dkt. No. 91], and Van Etten's filing of an Amended Complaint.  [Dkt. No. 120].  For the reasons stated below, I recommend that the Court GRANT Defendants' Motion to Dismiss, [Dkt. No. 91], in its entirety.  I also DISALLOW Van Etten's Amended Complaint, [Dkt. No. 120], as futile.

II.     THE JURISDICTIONAL STANDARD

Defendants challenge Van Etten's Complaint under Federal Rule of Civil Procedure 12(b)(1) arguing this Court lacks subject matter jurisdiction over Van Etten's claims.  [Dkt. No. 92 at p. 2].[2]

The plaintiff has the burden of proving subject matter jurisdiction, and "[w]hen a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor."  Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010).  The court may also consider "whatever evidence has been submitted, such as the depositions and exhibits[.]"  Id. (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)).  However, "the pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6)—that is, the plaintiff[] must 'state a claim that is plausible on its face.'"  Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (quoting Labor Relations Div. of Constr. Indus. of Mass., Inc. v. Healy, 844 F.3d 318, 326-27 (1st Cir. 2016)).  Therefore, "an order granting a motion to dismiss at the pleading stage is appropriate only when the facts adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction."  Id. (citation omitted).

---

[2] I address below Defendants' further arguments that, even if the Rooker-Feldman doctrine did not prohibit an exercise of subject matter jurisdiction over Van Etten's claims, the Younger abstention doctrine, the Eleventh Amendment, and absolute judicial immunity and quasi-judicial immunity bar any relief.  [Dkt. No. 92 at p. 2].

III.     APPLICATION

    A.     <u>The Rooker-Feldman Doctrine</u>

Defendants move to dismiss, arguing that the <u>Rooker-Feldman</u> doctrine[3] bars this Court from exercising jurisdiction, thus warranting dismissal under Rule 12(b)(1). [<u>Dkt. No. 92 at</u> p. 2]; <u>Fed. R. Civ. P. 12(b)(1)</u> (stating that a party may bring a motion to defend against claims where the court lacks subject matter jurisdiction). "Under the <u>Rooker-Feldman</u> doctrine, federal district courts lack jurisdiction over 'federal complaints . . . [that] essentially invite[] federal courts of first instance to review and reverse unfavorable state-court judgments.'" <u>Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.</u>, <u>410 F.3d 17, 20</u> (1st Cir. 2005) (alteration in original) (quoting <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, <u>544 U.S. 280, 283-84</u> (2005)). This is because, as the Supreme Court articulated in <u>Rooker v. Fidelity Trust Co.</u>,

> Under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify the judgment for errors of that character. To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original.

<u>263 U.S. 413, 415-16</u> (1923) (internal citations omitted). Put another way, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." <u>Davison v. Gov't of P.R.-P.R. Firefighters Corps.</u>, <u>471 F.3d 220, 223</u> (1st Cir. 2006).

    <u>Rooker-Feldman</u> "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" <u>In re American Bridge Products</u>, <u>599 F.3d 1, 4</u> (1st Cir. 2010) (quoting <u>Exxon Mobil Corp.</u>, <u>544 U.S. at 291</u>). Application of this

---

[3] "<u>Rooker-Feldman</u> doctrine" is a shorthand reference to the Supreme Court's interpretation of <u>28 U.S.C. § 1257</u> in <u>Rooker v. Fidelity Trust Co.</u>, <u>263 U.S. 413</u> (1923) and <u>District of Columbia Ct. of Appeals v. Feldman</u>, <u>460 U.S. 462</u> (1983).

6

standard requires dismissal of Van Etten's Complaint for a lack of jurisdiction under the Rooker-Feldman doctrine.

First, Van Etten meets the definition of a state court loser: the Probate and Family Court granted his ex-wife's suit for divorce and ordered Van Etten to pay child support, and all but one of his motions to modify the support order have been denied, as have his efforts since to collaterally attack the judgment and the Income Withholding Orders of the Probate and Family Court. See Efreom v. McKee, 46 F.4th 9, 17 (1st Cir. 2022) (explaining that litigants seeking to void state court rulings and orders pursuant to them on the grounds that those orders violate their federal rights are "state-court losers" for Rooker-Feldman purposes). Indeed, each judgment referenced in the Complaint concerns a state court decision adverse to Van Etten. See [Dkt. No. 1 at ¶¶ 30, 36-39]; [Dkt. No. 32, Ex. 1 at p. 5-6].

Second, Van Etten commenced this action after the state court judgments were entered and those proceedings had ended. Van Etten filed this suit on September 5, 2024. [Dkt. No. 1]. The relevant orders of the Probate and Family Court issued on January 22, 2008 (the Judgment of Divorce), and June 16, 2009 (Judgment of Modification obligating Van Etten to make reduced weekly support payments through the DOR). Van Etten v. Van Etten, WO07D1562DV1 (Mass. Prob. & Fam. Ct.). Van Etten's Complaint also attacks judgments of the Superior Court and of a single justice of the SJC issued in 2023 and 2024 respectively. [Dkt. No. 1 at ¶¶ 29, 30, 32-39]. Van Etten's time to appeal these judgments has lapsed. See M.G.L. c. 215 § 9; SJC Rule 2:21(1); Mass. R. App. P. 4(a).[4] When "a lower state court issues a judgment and the losing

---

[4] There is no entry on the Probate and Family Court docket indicating Van Etten appealed any of that court's judgments. See Van Etten v. Van Etten, WO07D1562DV1 (Mass. Prob. & Fam. Ct.). A Superior Court docket entry notes Van Etten did not timely docket an appeal. See In re Van Etten, 2485CV00026 (Mass. Sup. Ct.). And no notice of appeal is listed on the SJC docket from Van Etten's first habeas petition, Child Support Enforcement Division Mass. Department of Revenue v. Van Etten, SJ-2023-0477 (Mass.), which was transferred to the Superior Court. Nor is there any record that Van Etten filed an appeal from the Superior Court's judgment. See Van Etten v. Child Support Enf't Div. Mass. Dep't of Revenue, 2384CV00390 (Mass. Sup. Ct.). And there is no indication Van

7

party allows the time for appeal to expire, the proceedings have ended[]" for purposes of <u>Rooker-Feldman</u>.  <u>Federación de Maestros de P.R.</u>, <u>410 F.3d at 24</u>.

Third, the state court judgments allegedly caused the injuries of which Van Etten complains.  I address this element by category of defendant.

**Probate and Family Court and Judiciary Defendants.**  Van Etten's claims against the Probate and Family Court and Judiciary Defendants (Counts 1, 2, 4, and 8) allege violations of Van Etten's constitutional rights and claim that state court judgments caused these injuries, specifically that: the Probate and Family Court violated Van Etten's due process rights by authorizing and accepting insufficient alternative service by publication (Count 1), Judge Melia's denial of his motion to vacate a void judgment infringed his due process rights (Count 1), the Family and Probate Court denied his right to a jury trial under the Seventh Amendment by issuing support orders absent a jury trial (Count 2),[5] the Family and Probate Court forced Van Etten to work a corporate job to satisfy the child support orders (Count 4), and Justices Wrenn and Georges denied Van Etten free access to the courts by dismissing his filings or denying the relief requested (Count 8).  Each of these counts plainly attributes Van Etten's injuries to specific judgments of the Probate and Family Court, and the Judiciary Defendants.[6]  <u>See</u> <u>Bauersachs v. Gaziano</u>, No. 21-cv-11866, <u>2022 WL 4111911</u>, at *4 (D. Mass. Sept. 8, 2022), <u>aff'd</u> No. 22-

---

Etten appealed the denial of his second habeas petition.  <u>See</u> <u>Child Support Enf't Div. Mass. Dep't of Revenue v. Van Etten</u>, SJ-2024-0115 (Mass).

[5] Here and in other parts of his filings, Mr. Van Etten erroneously cites to the Sixth Amendment which protects the trial right of criminal defendants and is plainly inapplicable.

[6] The fact that Van Etten challenges the Probate and Family Court's jurisdiction over him does not change this Court's application of the <u>Rooker-Feldman</u> doctrine.  <u>Rooker Feldman</u>'s application is not limited to instances where the challenges raised in federal court are identical to those raised in the state court proceedings, <u>Tyler</u>, <u>914 F.3d at 51</u> (quoting <u>Klimowicz v. Deutsche Bank Nat'l Tr. Co.</u>, <u>907 F.3d 61, 66</u> (1st Cir. 2018) ("Put simply, a federal court's application of the <u>Rooker-Feldman</u> doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit.")).  Any challenge to the Probate and Family Court's jurisdiction over Van Etten should have been raised on appeal from the Probate and Family Court orders.  <u>Davison</u>, <u>471 F.3d at 223</u>.

1772, 2023 WL 7001673 (1st Cir. May 15, 2023) (finding that claims were barred by Rooker-Feldman where plaintiff's complaint discussed state court proceedings at length and repeatedly alleged harms attributable to state court decisions).

**CSS-DOR & Individual CSS-DOR Defendants.** Van Etten alleges that CSS-DOR and Defendant Cristello violated his Seventh Amendment jury trial right because CSS-DOR issued Income Withholding Orders and bank garnishments of Van Etten's wages without the due process of a jury trial, and that these orders lacked a judge's signature or a court seal and forced Van Etten to work in a corporate environment to pay child support (Counts 2, 4 (CSS-DOR) and Counts 1, 2, 5, 10 (Cristello)). Like the claims against the Probate and Family Court and the Judiciary Defendants, these claims depend on the 2008 Judgment of Divorce and 2009 Judgment of Modification and Income Withholding Orders which explicitly order Van Etten to pay child support through the DOR. Van Etten v. Van Etten, WO07D1562DV1 (Mass. Prob. & Fam. Ct.); see Morales v. Morales, 464 Mass. 507, 510 n. 5 (2013) (DOR administers child support enforcement services as required by law). Therefore, Van Etten's allegations that the Income Withholding Orders issued by CSS-DOR and signed by Cristello violated his constitutional rights seek "an end-run around a final state-court judgment." Klimowicz, 907 F.3d at 66. Rooker-Feldman prohibits such a maneuver because it effectively asks this Court to exercise appellate jurisdiction over the state proceedings and prohibit CSS-DOR from collecting payments which, in turn, would nullify the state court child support order. Id.; see also Mandel v. Town of Orleans, 326 F.3d 267, 272 (1st Cir. 2003) (district court injunction enjoining state police from assisting parent in obtaining custody of children in compliance with state court order violated Rooker-Feldman because it frustrated state court custody order).

9

33

**All Defendants.** Van Etten also alleges in Count 3 that "[a]ll Defendants conspired to block, interfere with, and intimidate [Plaintiff] into submitting to unlawful orders." [Dkt. No. 1 at ¶ 51]. The Rooker-Feldman doctrine bars a claim that, as here, "alleges in general, conclusory terms that the [defendants] conspired to cause the state court to reach a wrong result." O'Callaghan v. Shirazi, No. 00-1148, 2000 WL 560172, at *1 (1st Cir. May 3, 2000) (dismissing claim alleging that defendants conspired to cause the state court to violate the plaintiff's constitutional rights because it essentially was "an indirect way of again saying the state court's decisions were wrong").[7]

In response to Rooker-Feldman, Van Etten contends that his claims for relief do not ask this Court to directly review or upset the judgment of the state courts but rather only "challenge[] the executive enforcement acts carried out under color of state law[.]" [Dkt. No. 114, at p. 2-3]. This contention is a distinction without a difference. The reality is that Van Etten asks this Court to vacate and declare null and void the support orders issued in Van Etten's state court custody and divorce case. Indeed, the relief he seeks--that the Court enjoin wage garnishment and collection pursuant to the Income Withholding Orders, and return all payments already collected--depends on this Court exercising appellate jurisdiction and declaring the actions of the state court void or in error. See [Dkt. No. 1 at p. 16]. Put another way, in order for this Court to grant

---

[7] In addition to the bar Rooker-Feldman raises, the conspiracy claim would fail under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. A conspiracy is defined as a "combination of two or more persons acting in concert to commit an unlawful act." Alston v. Spiegel, 988 F.3d 564, 577 (1st Cir. 2021) (quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)). To sufficiently plead a civil rights conspiracy, a plaintiff "must plausibly allege facts indicating an agreement among the conspirators to deprive the plaintiff of h[is] civil rights." Id. at 577-78 (quoting Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019)). Bald claims that defendants "conspired" require supporting factual allegations. Id. at 578. Van Etten alleges simply that "All Defendants conspired to block, interfere with, and intimidate defendant into submitting to unlawful orders." [Dkt. No. 1, at p. 12-13]. This is insufficient to meet the requirement that a civil conspiracy claim plead facts indicating an agreement among the conspirators. Alston, 988 F.3d at 577-78. Even where there is no direct evidence of a conspiracy, plaintiffs are required to "plead plausible factual allegations sufficient to support a reasonable inference that such an agreement was made." Id. at 578. Van Etten fails even if this circumstantial standard is applied, and thus I recommend dismissal of Count 3.

10

Van Etten the relief he seeks, it would have to conclude that the state court was wrong in its judgment that alternative service of process was appropriate for an exercise of jurisdiction over him. Thus, it is clear that Van Etten is seeking to use the District Court as an appellate forum to reverse the findings and orders from his state court proceedings. . . "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Tyler, 914 F.3d at 50 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)); Klimowicz, 907 F.3d at 66 ("the critical datum is whether the plaintiff's suit is, in effect, an end-run around a final state-court judgment.").

In opposing Defendants' Motion to Dismiss, Van Etten also argues that "since there was no valid judgment due to lack of personal jurisdiction, the Rooker-Feldman doctrine does not bar this federal action as there is no final state court decision subject to review." [Dkt. No. 43, at p. 8]. Remarkably, for this critical assertion – it is the very cornerstone of Van Etten's federal suit – Van Etten cites no legal authority. Moreover, the existing case law I could find squarely contradicts it. Posed with the question, the Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all expressly rejected such an exception, and, in some cases, on facts very similar to those presented by Van Etten. See Rouse v. Nessel, 2022 WL 13631916, at *2 (6th Cir. July 11, 2022) (no exception to application of Rooker-Feldman where plaintiff argued child support orders were void because the state court which issued them lacked personal jurisdiction over plaintiff); see also Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003) (rejecting argument that there is a "void *ab initio*" exception to Rooker-Feldman where the state court allegedly lacked jurisdiction in underlying divorce proceedings); see also Skit Intern., Ltd. v. DAC Techs. Of Arkansas, Inc., 487 F.3d 1154, 1156-58 (8th Cir. 2007) (affirming dismissal under Rooker-Feldman in case

11

where plaintiff sought to set aside state court judgment as "void" for lack of service of process and lack of personal jurisdiction); Williams v. Rudder, 178 F.3d 1301, 1999 WL 311348, at *1 (9th Cir. May 14, 1999) (stating that "Because federal district courts lack appellate jurisdiction over state court decisions, even where the claim is that the state court lacked personal jurisdiction, the district court properly dismissed this action under the *Rooker-Feldman* doctrine."); Eisenhart v. Eagle Cty. Sheriff's Office, 2024 WL 3594357, at *2 (10th Cir. July 31, 2024) (affirming that Rooker-Feldman bars a claim where plaintiff asks to review state court judgment for lack of personal jurisdiction).

Thus, for example, in Schmitt v. Schmitt, the Illinois state court authorized alternative service of process on Schmitt in a divorce proceeding. 324 F.3d at 485. Schmitt challenged service of process, and the state court denied his challenge and ordered him to pay his ex-wife support and attorney's fees. Id. Unlike Van Etten, Schmitt actually pursued an interlocutory appeal, claiming that the trial court's support order was void because the method of service violated his due process rights. Id. The appellate court rejected his claim. Id. Schmitt then filed a § 1983 claim in federal court, which the district court dismissed for lack of subject matter jurisdiction, citing the Rooker-Feldman doctrine. Id. The district court also sanctioned Schmitt and his attorneys under Federal Rule of Civil Procedure 11. Id. On appeal to the Seventh Circuit, Schmitt urged that the court find the same exception which Van Etten presses here, one that would allow federal courts to review state court judgments where those judgments were allegedly defective due to a lack of personal jurisdiction over the defendant. Id. at 487. The Seventh Circuit refused:

> [T]he Illinois state courts were competent to determine their own jurisdictional boundaries, so there is no need for the federal courts to intervene. If a state court had violated constitutional jurisdictional limits, Mr. Schmitt could have brought that up with the Supreme Court after exhausting his state court remedies.

12

36

In sum, Mr. Schmitt has brought the precise sort of claim *Rooker–Feldman* eliminates. And that is so clear that, in addition to AFFIRMING the district court's judgment, we declare this appeal to be frivolous, and we direct the plaintiffs to show cause within 14 days why they should not be sanctioned under our Rule 38.

Id. at 487-88 (all caps in original).

In doing so, the Seventh Circuit has described the Rooker-Feldman doctrine "[a]t its core, … [as] a recognition of the principle that the inferior federal courts generally do not have the power to exercise appellate review over state court decisions.'' Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996). Here, I find that the prerequisites for application of Rooker-Feldman are easily satisfied, and the Court is without jurisdiction to hear this case. Accordingly, and for this reason alone, I recommend that the Court grant Defendants' Motion to Dismiss Van Etten's suit.

B.      Independent Grounds for Dismissal as to Each of Van Etten's Claims[8]

Apart from the Rooker-Feldman doctrine barring Van Etten's suit, Eleventh Amendment immunity protecting states from suit bars Van Etten's claims against the Probate Court and CSS-

---

[8] Were it applicable, the Younger abstention doctrine, which Defendants cite as an alternative ground for dismissal, would obtain the same result as Rooker-Feldman. "The *Younger* doctrine is based on principles of comity, and unless there are extraordinary circumstances, it instructs federal courts not to 'interfere with ongoing state-court litigation[.]'" Rossi v. Gemma, 489 F.3d 26, 34 (1st Cir. 2007) (quoting Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 31 (1st Cir. 2004) (emphasis added); see also Younger v. Harris, 401 U.S. 37, 46 (1971). Younger bars the exercise of federal jurisdiction "when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Rossi, 489 F.3d at 34-35. The key difference between the Rooker-Feldman and Younger doctrines is that the former bars the exercise of federal jurisdiction in state cases that have ended while the latter bars the exercise of jurisdiction in ongoing state cases. Though I find that Van Etten's state court case has terminated because Van Etten's time to appeal has long since expired, [Dkt. No. 92 at p. 9-10]; Klimowicz, 907 F.3d at 65-66 (stating that where "the losing party allows the time for appeal to expire, then the state proceedings have ended.")—and Van Etten does not argue otherwise—insofar as it could be argued that the Probate and Family Court could reopen the case to rule on, for instance, a motion for modification, and hence that the state case could be resurrected for such purpose, I would still recommend dismissal under the Younger doctrine as I find that its three requirements have been met. M.G.L. c. 208 § 28; Younger, 401 U.S. at 46. In sum, regardless of whether Van Etten's state case is characterized as ended or ongoing, federal jurisdiction would not lie under Rooker-Feldman or Younger. Gray-Bey v. 42 U.S. Code 654(c), No. 20-cv-12042, 2021 WL 8323638 at *4 (D. Mass. Mar. 17, 2021) (similarly finding that either Rooker-Feldman or Younger applies to bar challenges to child support matters and issues surrounding enforcement). I make no further reference to the bar to an exercise of jurisdiction Younger abstention interposes, since I find that the state court proceedings have ended.

DOR, and for claims for damages and retrospective relief against all defendants sued in their official capacities. U.S. Const. amend. XI. For this independent reason these claims should be dismissed under Fed. R. Civ. P. 12(b)(1).

> 1. Claims against the Probate Court, CSS-DOR, and all official capacity claims

The Eleventh Amendment to the United States Constitution states "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. There is no question that the Supreme Court has interpreted this Amendment as barring "federal suits by citizens against the state or state agencies…" Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgmt., 644 F.3d 5, 11 (1st Cir. 2011) (quoting O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000)). Accordingly, "[u]nless a State has waived its Eleventh Amendment immunity or Congress has overridden it,…a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985). "To the extent that [state employees] are sued in their "official capacities, they stand in the shoes of the state and enjoy the same immunity as does the [state]." Coggeshall v. Massachusetts Bd. of Registration of Psychologists, 604 F.3d 658, 662 (1st Cir. 2010). "Congress has not abrogated, and Massachusetts has not waived, its Eleventh Amendment immunity for civil-rights claims brought under 42 U.S.C. § 1983 or § 1985." Cline v. Burke, 682 F.Supp.3d 125, 131 (D. Mass. 2023). This Court has clarified that the states and their agencies are not "persons" subject to suit under § 1983 for damages. Id. (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989)). State officials sued in their official capacity also are not "persons" for purposes of § 1983. Id. (citing Hafer v. Melo, 502 U.S. 21, 23 (1991)).

Because the Probate Court and CSS-DOR are each state agencies, see M.G.L. c. 119A, § 1 (CSS-DOR); M.G.L. c. 211B, § 1 (Probate Court); M.G.L. c. 215, § 1 (Probate Court and Register), the claims against them are barred by the Eleventh Amendment and thus must be dismissed under Federal Rule of Civil Procedure 12(b)(1) as this Court lacks jurisdiction over such claims. Van Etten's claims against individual defendants in their official capacities are also barred as they are all state officials as well and suits against them for damages cannot be maintained. Cline, 682 F.Supp.3d at 131 (dismissing claims against many of the same individual defendants named by Van Etten in this Complaint). To the extent Van Etten seeks retrospective relief, as explained above, this Court lacks jurisdiction to frustrate the rulings of state courts under Rooker-Feldman. Federación de Maestros de P.R, 410 F.3d at 20.

The Ex Parte Young exception to state immunity under the Eleventh Amendment allows a party to bring a suit against state officials in their official capacity if that party is seeking *prospective* equitable relief enjoining future violations of federal law. Tyler, 981 F.Supp.2d at 95 (citing Ex Parte Young, 209 U.S. 123, 159-60 (1908)). However, the only claim for prospective relief brought by Van Etten is to prohibit CSS-DOR from further collecting child support payments. [Dkt. No. 92 at 16 n. 11] (citing [Dkt. No. 1, ¶ 72(a)]). As already discussed, that specific relief cannot be granted by this Court because of the limitations on federal district court jurisdiction imposed by Rooker-Feldman. Accordingly, Van Etten's application to enjoin child support payments must be similarly dismissed for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1).

2.    Individual capacity claims

Even if this Court were not divested of jurisdiction by the Rooker-Feldman doctrine or the Eleventh Amendment, each of Van Etten's claims against the individual defendants sued in

15

their individual capacities would fail on its own as each is barred either by judicial immunity or by a failure to state a claim upon which relief can be granted.

a)  The claims against the judiciary defendants are barred by absolute judicial immunity.

Van Etten's claims against the Judiciary Defendants (Justices Melia, Wrenn, and Georges), see [Dkt. No. 1 at ¶¶ 44, 63, 64], are barred by absolute judicial immunity. "There is no question that [judges are] protected by absolute immunity from civil liability for any normal and routine judicial act." See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Absolute judicial immunity applies to judicial functions unless the "judge is carrying out an activity that is not adjudicatory." Zenon v. Guzman, 924 F.3d 611, 617 (D. Mass. 2019). Where it applies, absolute judicial immunity "means not just immunity from damages, but immunity from suit altogether," id. at n. 10, and it applies even where a judge's actions "are malicious, corrupt, mistaken, or taken in bad faith" as long as the act "was one normally performed by a judge" and the judge was acting "in his or her judicial capacity." Id. at 616.

An examination of the record shows that the predicate for Van Etten's claims against the Judiciary Defendants is conduct that was judicial in nature and handled in their judicial capacities regarding the Probate and Family Court matter or a collateral attack on child-support orders. See [Dkt. No. 1, ¶¶ 44, 63, 64]. Paragraph 44 of Van Etten's Complaint states that he is bringing a claim for violation of his due process rights under the Fifth and Fourteenth Amendments against Judge Melia "for denying motion to vacate void judgment…" Id. at ¶ 44; Rodriguez v. Ulwick, No. 21-cv-10438, 2021 WL 2092921, at *2 (D. Mass. Apr. 14, 2021), aff'd, 2022 WL 17228795 (1st Cir. 15, 2022) (finding that judicial immunity applies to a judge's actions taken in relation to divorce and child custody proceedings). Similarly, the predicate for

16

40

Van Etten's claims against Justices Wrenn and Georges are rulings disposing of habeas petitions Van Etten filed. [Dkt. 1, ¶ 32] (Judge Wrenn denying Van Etten's Petition for Writ of Habeas Corpus for failure to provide any financial information); [Dkt. 1, ¶ 33] (Judge Georges denying Petition for Writ of Habeas Corpus without a hearing as Van Etten was not a resident of the Commonwealth and thus was not entitled to such relief). These denials of relief are also core judicial functions, and Van Etten does not suggest otherwise. Cok, 876 F.2d at 2.

While it is true that absolute judicial immunity does not apply to actions taken without jurisdiction, which is what Van Etten alleges occurred in the Probate and Family Court, that is so only when those actions were "taken in the clear absence of all jurisdiction." Id. The Supreme Court has stated that the necessary inquiry for determining whether there was a "clear absence" of jurisdiction is "whether at the time [the judge] took the challenged action he had jurisdiction *over the subject matter* before him." Guzmán-Rivera v. Lucena-Zabala, 642 F.3d 92, 99 (1st Cir. 2011) (quoting Stump, 435 U.S. at 356). So long as the judge had jurisdiction over the subject matter before the court, she or he has absolute judicial immunity even for "the commission of grave procedural errors." Id. To be clear, Stump and Guzmán both suggest that it is a blatant lack of *subject matter jurisdiction* which can support an exception to absolute judicial immunity. See Stump, 435 U.S. at 356; see also Guzmán, 642 F.3d at 99.[9] Judge Melia, as an Associate

_____

[9] This is consistent with the well-established principle that:

> Subject-matter jurisdiction … is an Art. III as well as a statutory requirement; it functions as a restriction on federal power, and contributes to the characterization of the federal sovereign…[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.

Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (citing California v. LaRue, 409 U.S. 109 (1972); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17–18 (1951)). Fed. R. Civ. P. 12(h)(3) mandates that: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Similarly, an objection by one of the parties, or the court on its own, that a court lacks

17

41

Justice of the Probate and Family Court surely had jurisdiction over the subject matter in Van Etten's divorce and child support proceedings. M.G.L. c. 215, § 3 (granting probate courts exclusive original jurisdiction over divorce proceedings); see also Sullivan v. Kelleher, 405 F.2d 486, 487 (1st Cir. 1968).

Additionally, the challenges that Van Etten raises to the Probate and Family Court's jurisdiction over him are not based on a lack of subject matter jurisdiction—such a claim would have failed had it been raised—but rather on an alleged lack of personal jurisdiction. [Dkt. 1, at ¶¶ 7, 72(b)]. Personal jurisdiction is unlike subject matter jurisdiction. It can be established in one of two ways: either by proper service of process or "by the defendant's waiver of any defect in the service of process." Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24-25 (1st Cir. 1992) (explaining that personal jurisdiction objections can be waived "by express submission, conduct, or failure to assert the defense."). "[U]nlike subject-matter jurisdiction, which even an appellate court may review *sua sponte*, under Fed. R. Civ. P. 12(h), '[a] defense of lack of jurisdiction over the person ... is waived' if not timely raised in the answer or a responsive pleading." Insurance Corp. of Ireland, Ltd., 456 U.S. at 704 (quoting Fed. R. Civ. P. 12(h)). Similarly, the Appeals Court of Massachusetts has stated that "the defense of lack of personal jurisdiction can be waived through nonassertion." Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 532-34 (1997). Far from challenging service of process, Van Etten appeared and actively participated in the divorce proceedings, thus waiving any challenge he might have brought to the Probate and Family Court's personal jurisdiction over him. [Dkt. 92, Ex. 1 at 3-4] (showing that Van Etten participated in proceedings before the

---

subject matter jurisdiction can be raised "at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(b)(1)).

probate court, including by filing an answer and counterclaim); see Precision Etchings &Findings, Inc., 953 F.2d, at 25-26 (stating that conduct can constitute waiver of an objection for lack of personal jurisdiction).

Accordingly, from all appearances, there was a lack of neither subject matter nor personal jurisdiction in Van Etten's case in the Probate and Family Court, and certainly not a "clear absence" of such jurisdiction, and the Judiciary Defendants' absolute judicial immunity is intact.

> b)    The claims against the Register Defendants are barred by quasi-judicial immunity.

Van Etten's claims against the Register Defendants (Fattman, Steward, Brown, and Consolmagno), see [Dkt. 1, ¶¶ 66-69], though they are not against judges themselves and thus are not barred by absolute judicial immunity, are barred by quasi-judicial immunity. "The doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function." Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012). The doctrine applies to protect court personnel from civil liability arising from performance of "core clerical duties in support of the adjudication of cases." Powell v. Commonwealth of Massachusetts, 2016 WL 7115887, at *7 (D. Mass. Sept 20, 2016) (collecting cases where courts applied quasi-judicial immunity to court clerks, a court-appointed guardian ad-litem and conservator in divorce proceeding, and a state receiver). Further, as Nystedt recognized, quasi-judicial immunity makes sense because "in its absence, [court personnel] would become 'lightning rod[s] for harassing litigation aimed at judicial orders.'" 700 F.3d at 31. The system cannot allow "disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, [to] vent their wrath on clerks, court reporters, and other judicial adjuncts." Cline, 682 F.Supp.3d at 132 (citing McNeil v. State of Mass., 2014 WL 7404561, at *3 (D. Mass. Dec. 30, 2014)).

19

Here, Van Etten claims the Register Defendants concealed certain portions of the Probate and Family Court docket and refused to docket and/or return certain mailings he submitted to the Register's office for filing in the Probate and Family Court action. [Dkt. No. 1, ¶¶ 24-25, 27, 66-69]. There is no question that these functions are "inextricably intertwined" with performance of judicial functions. Nystedt, 700 F.3d at 31. Under Massachusetts law, maintenance of the Probate Court docket and acceptance of the Probate Court filings are duties of the Register. See M.G.L. c. 215 § 37 (establishing the Register of the Probate Courts to keep a docket of all cases and matters within the court); see also M.G.L. c. 217 § 21 (stating that the Probate Register "may at any time receive and place on file complaints, petitions and applications to the probate court or the court of insolvency, and may issue orders of notice, summonses and citations in like manner and with like effect as if issued by the judge…"). This Court, as well as the SJC and the First Circuit, has recognized that duties such as those exercised by the Probate Register implicate "core clerical functions" that are integral to the judicial process, and thus quasi-judicial immunity protects such agents of the court engaged in and supporting the judicial function. See, e.g., Powell, 2016 WL 7115887, at *7 (citing Nystedt, 700 F.3d at 30 (collecting cases)). Indeed, this Court has previously dismissed claims nearly identical to Van Etten's on the ground that the court personnel were "being sued in connection with actions taken while performing tasks that are part of the judicial process." Bowen v. Worcester Family and Probate Court, 2014 WL 5106419, at *2 (D. Mass. Oct. 9, 2014). Because Van Etten fails to allege any facts that warrant a departure from this line of precedent, I recommend dismissing the claims against the Register Defendants on the independent ground of quasi-judicial immunity.

20

44

> c)   The Complaint fails to state a plausible claim for relief against the CSS-DOR individual defendants and thus those claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6).[10]

I address separately the individual capacity claims against the CSS-DOR defendants, Cristello and Denham.  The claims against Cristello are based on her "signing income withholding orders."  [Dkt. No. 1, ¶¶ 45, 47, 55, 71 (Counts 1-2, 5, 10)].  Those against Denham are based on his "refusal to answer interrogatories" propounded to CSS-DOR in the 2023 Superior Court action, id., ¶¶ 25, 57 (Count 6), and his "ignoring" certain documents that Van Etten mailed to CSS-DOR, id. ¶¶ 24, 26, 60 (Count 7).  While these claims are not barred by absolute judicial or quasi-judicial immunity (discussed above), they nevertheless fail to state a claim upon which relief can be granted and thus must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Under Rule 12(b)(6), a party can challenge a complaint on the ground that it fails "to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief."  Duke v. Community Health Connections, Inc., 355 F.Supp.3d 49, 54 (D. Mass. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "In evaluating whether a plaintiff has met this burden, [the court] 'accept[s] the complaint's well-pleaded facts as true and indulge[s] all reasonable inferences in the plaintiff's favor.'"  Borrás-Borrero v.

---

[10] It is unclear from Van Etten's Complaint whether the claims discussed in this section are brought against Cristello and Denham in their individual or official capacities.  [Dkt. 1 at p. 11-15].  For purposes of this section, we treat them as though they were brought against them in their individual capacity because, as discussed above, were they brought against Cristello and Denham in their official capacities, they would be barred by the Eleventh Amendment.  See section III(B)(1).  Additionally, to the extent that some of the counts discussed in this section bring claims against defendants other than Cristello and Denham, those claims are barred by the Eleventh or absolute judicial immunity.  See section III(B)(1); III(B)(2)(b).

21

Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 33 (1st Cir. 2020) (quoting Cook v. Gates, 528 F.3d 42, 48 (1st Cir. 2008)). "When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court 'should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" Theta Products, Inc. v. Zippo Mfg. Co., 81 F.Supp.2d 346, 348 (D.R.I. 1999) (quoting Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996)). Dismissal is appropriate where the complaint fails to include "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory[.]" Pitta v. Medieros, 90 F.4th 11, 17 (1st Cir. 2024) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).

Here, a number of pleading defects warrant dismissal under Rule 12(b)(6). First, all counts 1, 2, 5, 6, 7, and 10 brought against Cristello and Denham (and some other Defendants) in their individual capacities allege violations of 18 U.S.C. §§ 241, 242 or § 1341 (Count 5). [Dkt. No. 1 at p. 11-15]. United States Code Title 18 covers crimes and criminal procedure. 18 U.S.C. Because "[g]enerally, a private citizen has no authority to initiate a federal criminal prosecution," the claims must be dismissed for failure to state a claim under Rule 12(b)(6). Cok, 876 F.2d at 2 (dismissing claims brought by civil plaintiff under 18 U.S.C. §§ 241, 242) (citing Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964)); see also Turner v. Melia, No. 20-cv-40097, 2021 WL 11715616, at *3 (D. Mass. Jan 31, 2021) (dismissing private claim brought under 18 U.S.C. § 1341).

Second, Van Etten brings Count 2 against Defendant Cristello for violating his Sixth Amendment right to a trial by jury. [Dkt. No. 1, at p. 12]. The Sixth Amendment trial right applies only "[i]n [] *criminal* prosecutions[.]" U.S. Const. amend. VI. (emphasis added). Thus,

22

46

Defendant Cristello's signing of Incoming Withholding Orders cannot give rise to a Sixth Amendment violation.

In Count 10, Van Etten alleges that Cristello denied him his Seventh Amendment right to a trial by jury. The Seventh Amendment jury right applies in federal courts. U.S. Const. amend. VII; see also Francisco of Family Santos v. Essex County, 2019 WL 3557703, at *3 (D. Mass. Aug. 5, 2019) (citing Gasperini v. Ctr. For Humanities, Inc., 518 U.S. 415, 418 (1996)). Here, on the other hand, Van Etten claims a denial of a Seventh Amendment right to a jury trial in the Probate and Family Court of the state court system. The Seventh Amendment is not applicable. Further, "[i]ndisputably, no constitutional right to a jury trial attaches in the Probate and Family Court." Stonehill College v. Massachusetts Comm'n Against Discrimination, 441 Mass. 549, 566 n. 20 (2004).

Van Etten brings Count 6 under "Rule 33," claiming that Denham failed to respond to the interrogatories he propounded. [Dkt. No. 1, at p. 13-14]. Mass. R. Civ. P. 33 addresses the process for conducting discovery through interrogatories. Mass. R. Civ. P. 33. Van Etten fails to show the federal court has subject matter jurisdiction to hear a state court discovery dispute.[11] Further, the procedure for challenging a discovery violation under the Massachusetts civil rules is to move for an order compelling an answer. Mass. R. Civ. P. 37(a)(2) (providing procedure

---

[11] At the risk of belaboring this point, federal courts of the United States possess limited subject matter jurisdiction, "meaning that they possess 'only that power authorized by Constitution and statute.'" Boniface v. Viliena, 145 F.4th 98, 109 (1st Cir. 2025) (quoting Gunn v. Minton, 568 U.S. 251, 256 (2013)). "Congress has broadly authorized the federal courts to exercise subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Arbaugh, 546 U.S. at 505; see also U.S. Const. art. III, §2. The jurisdiction granted by 28 U.S.C. § 1331 is often referred to as "federal-question jurisdiction." Arbaugh, 546 U.S. at 505. "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Calderon-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)). To invoke federal question jurisdiction, the Plaintiff must state the federal question on the face of his well-pleaded complaint. R.I. Fishermen's All., Inc. v. R.I. Dept. of Env't Mgmt., 585 F.3d 42, 48 (1st Cir. 2009). Local rules of discovery used in state courts are not "laws of the United States." Mass. R. Civ. P. 26 (Massachusetts state discovery rules). Because Van Etten fails to show how his claims against Defendants implicate any federal question, this Court cannot adjudicate Count 6 for want of subject matter jurisdiction over the claim. See R.I. Fishermen's All., 585 F.3d at 48.

for compelling discovery when opposing party fails to respond to interrogatories propounded under Mass. R. Civ. P. 33).  Even accepting Van Etten's allegations as true, Count 6 fails to state a claim upon which relief can be granted in federal court.

Last in this line, Van Etten brings Count 7 against Denham citing 15 U.S.C. § 1692g. [Dkt. No. 1, at p. 14].  Title 15 of the United States Code regulates commerce and trade, and 15 U.S.C. § 1692g imposes obligations on "debt collector[s]" in connection with a "debt" under the Fair Debt Collection Practices Act ("FDCPA").  15 U.S.C. § 1692g.  Van Etten is correct that failure to comply with these obligations can lead to civil liability.  See 15 U.S.C. § 1692k (creating private right of action).  However, 15 U.S.C. § 1692a provides definitions for both the term "debt" and "debt collector" showing that the FDCPA is not applicable.  15 U.S.C. § 1692a. Section 1692a expressly states that "the obligation to pay child support is not a 'debt' under the [FDCPA]."  15 U.S.C. § 1692(a)(4) (defining "debt" as "any obligation or alleged obligation of a *consumer* to pay money arising out of a *transaction*…") (emphasis added); see also Raffaele v. Marrama, 164 F.Supp.2d 224, 227 (D. Mass. 2001).  Additionally, § 1692a's definition of "debt collector" expressly excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]"  15 U.S.C. § 1692a(6)(C).  Accordingly, Counts 2, 6, 7, and 10 all must be dismissed for failure to state a claim upon which relief can be granted.

Van Etten's § 1983 claim in Count 1 against Cristello for allegedly violating his Fourteenth Amendment Due Process rights fails to allege facts that could plausibly support such a claim.  A § 1983 claim has two elements: "the defendant must have acted under color of state law, and his or her conduct must have deprived the plaintiff of rights secured by the Constitution or by federal law."  Gagliardi, 515 F.3d at 306.  "The second element requires the plaintiff to

24

show 'that the [defendant's] conduct was the cause in fact of the alleged deprivation.'" Id. "Because vicarious liability is inapplicable to [] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. For a substantive due process claim to be actionable it "must allege executive action that objectively 'shocks the conscience.'" South Commons Condominium Ass'n v. Charlie Arment Trucking, Inc., 775 F.3d 82, 91 (1st Cir. 2014). The alleged actions must be more than "legal error" or "bad faith." Id. at 91-92 (internal citations omitted).

Van Etten's Count 1 alleges that Cristello (1) failed to respond to a "notice" he sent her in July of 2024, [Dkt. No. 1, ¶ 35], and (2) "sign[ed] Income Withholding Order's multiple times without due process of law and without signature of a Judge and Seal of the Court," id. ¶ 44. Given that the standard for a § 1983 claim is that the conduct must "shock[] the conscience," Van Etten's assertions that Defendant Cristello failed to respond to him and signed Income Withholding Orders "without due process of law" without any indication of how Cristello's actions lacked due process are insufficient. South Commons Condominium Ass'n, 775 F.3d at 91-92.

In a similar case decided by the District of New Hampshire, the plaintiff brought claims under § 1983, alleging that her due process rights were violated in part because defendants allegedly failed to provide her with a notice and hearing before attempting to enforce an allegedly illegal child-support order. Tringali v. Assuto, No. 14-cv-124, 2014 WL 1653274 (D.N.H. Apr. 24, 2014), aff'd No. 14-1775 (1st Cir. Apr. 9, 2015). Like Van Etten's claims in Count 1, Tringali's claims were also brought against defendants who were involved only in the post-hearing enforcement process. Id. at *1. Also like Van Etten, Tringali alleged that various

25

49

defendants failed to return her phone calls and respond to letters and notices.  Id. at *2-3.  The District of New Hampshire dismissed Tringali's claims, stating that "[a]llegations that employees of a state agency failed to return plaintiff's phone calls, respond to a letter from plaintiff, or refused to meet with plaintiff face-to-face do not rise to the level of a cognizable federal or state claim and are frivolous."  Id. at *5.

Further, the Tringali court also dismissed plaintiff's procedural due process claims on the grounds that they were not actionable because claims that a defendant intentionally deprived plaintiff of a procedural due-process right are "not actionable under § 1983 where the state provides an adequate post-deprivation remedy[,]" id. at *4 (citing Hudson v. Palmer, 468 U.S. 517, 533 (1984)), and state law provided an avenue for seeking administrative and judicial review of child support orders.  Id. (citing M.G.L. ch. 119A, §16(c)).  The Tringali decision is consistent with controlling precedent that "[plaintiffs] cannot complain of a violation of procedural due process rights when [they] have made no attempt to avail themselves of existing state procedures.  "It is well-settled that a 'claim of lack of available due process fail[s] *on the merits* [where] there [is] a process available under state law.'"  Boston Env't Sanitation Inspectors Ass'n v. City of Boston, 794 F.2d 12, 13 (1st Cir. 1986) (quoting Limerick v. Greenwald, 749 F.2d 97, 99 (1st Cir. 1984)).  Because Van Etten's claims do not differ in substance from Tringali's and a process for review of child support orders, which Van Etten chose to forego, exists under Massachusetts law, Van Etten's claims can fare no better than those dismissed by the District of New Hampshire.  I recommend dismissal of Count 1.

Accordingly, insofar as individual liability allegations against Cristello and Denham survive Rooker-Feldman, they fail to state a claim upon which relief can be granted.

IV.    STANDARD FOR FILING AN AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleadings beyond 21 days after service of the original pleading only with leave of the court or on consent, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, grant or denial of leave to file an amended complaint is within the court's discretion. Lukas v. United States, 133 F.Supp.3d 284, 286 (D. Mass. 2015) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). Among the reasons that a court may refuse to grant leave is the "futility of amendment." Forman, 371 U.S. at 182. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). "In reviewing for "futility," the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Id.

Here, I deny leave to file an amended complaint on both procedural and substantive grounds. The Court's August 26, 2025, order provided that Van Etten may move for leave to file an amended complaint. [Dkt. No. 116, n. 1] (order tracking Fed. R. Civ. P. 15 that Van Etten is "permitted to file a motion to amend the complaint consistent with Federal Rule of Civil Procedure 15(a)(2) to which he must attach the proposed amended complaint."). As provided by Rule 15, in doing so Van Etten was required to obtain the consent of Defendants or the Court's leave. Van Etten did neither. Instead, on September 5, 2025, he unilaterally e-filed an Amended Complaint without Defendants' consent or the Court's leave. [Dkt. No. 120]. For this reason alone, the Amended Complaint should be disallowed. Further, when, as here, a party's amended complaint adds new defendants, id. (proposing addition of Amy M. Clayman, Joshua R. Fishbein, and John Does 1-10), Local Rule 15.1 prescribes a process a plaintiff must follow. See Loc. R. 15.1. Among other things, a plaintiff must serve the motion to amend on the proposed new party 14 days in advance of filing the motion to amend and stating the date on which the

motion to amend will be filed; and the Rule requires a plaintiff to file a certificate stating that the foregoing service has been effected. Id. Here, too, Van Etten ignored Local Rule 15.1. I recommend disallowance of the Amended Complaint.

Substantively, Van Etten's proposed Amended Complaint is futile; it does not cure the fundamental jurisdictional defect of using the federal district court as an appellate forum. [Dkt. No. 120]. Hence, the Rooker-Feldman (or Younger abstention) doctrine would bar an exercise of federal jurisdiction over the Amended Complaint, as it does over the operative Complaint. Accordingly, I recommend that Van Etten's proposed Amended Complaint be disallowed as this Court is without jurisdiction to hear it.

V.      CONCLUSION

For the reasons stated above, I RECOMMEND that Defendants' Motion to Dismiss the Complaint in its Entirety, [Dkt. No. 91], be GRANTED,[12] and Van Etten's Amended Complaint, [Dkt. No. 120], is DISALLOWED.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[12] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378–79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604–05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140, 154–55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

53

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **GREGORY J. VAN ETTEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. No.: 4:24-cv-40113-MRG** |
| **v.** | ) | |
| | ) | |
| **STEPHANIE K. FATTMAN, et al.,** | ) | |
| **Defendants.** | ) | |
| | ) | |

## <ins>MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATIONS</ins>

**GUZMAN, D.J.**

Plaintiff Gregory J. Van Etten brought suit *pro se*, invoking <ins>42 U.S.C. §§ 1983</ins> and <ins>1985</ins>, naming as Defendants Worcester Probate and Family Court, the Massachusetts Child Support Services Department of Revenue ("CSS-DOR"), Probate and Family Court Associate Justice Jennifer Melia, Superior Court Associate Justice Daniel M. Wrenn, Supreme Judicial Court Associate Justice Serge Georges Jr., Register of Probate Stephanie K. Fattman, Register of Probate Ashley Stewart, Assistant Register Megan Brown, Assistant Register Angelina Consolmagno, CSS-DOR Deputy Commissioner Michele Cristello, and Counsel for CSS-DOR Michael S. Denham. [Compl. at 1-3, <ins>ECF No. 1</ins>].  Plaintiff alleges that Defendants violated his constitutional rights through conduct in proceedings that occurred in the Worcester Probate and Family Court, Superior Court, and the Massachusetts Supreme Judicial Court, and through the collection of his wages pursuant to Income Withholding Orders. [Id. ¶¶ 12-41]. Before the Court are three reports and recommendations ("R&R") issued by Magistrate Judge David H. Hennessy in this matter. [ECF Nos. 116, 118, 136]. For the reasons that follow, the R&Rs dated August 26, 2026 [<ins>ECF No. 116</ins>] and August 27, 2026 [<ins>ECF No. 118</ins>] are **ADOPTED IN FULL.** The R&R dated October 29, 2025 [<ins>ECF No. 136</ins>] is **ADOPTED IN PART**.

1

## I.    BACKGROUND

The factual and procedural background of this case is thoroughly set forth in the Magistrate Judge's final R&R [ECF No. 136] and need not be repeated here in full. Plaintiff has not objected to the statement of the facts and procedural history. Without objection, the Court adopts Judge Hennessy's background of this case. [Id. at 1-5].

In summary, three R&Rs are pending before this Court. [ECF Nos. 116, 118, 136]. On August 26, 2025, Magistrate Judge Hennessy issued the first R&R, [ECF No. 116], recommending denial of Plaintiff's Motion for Emergency Relief from Judgment under Rule 60(b)(4) and denying as moot Plaintiff's related motions seeking expedited consideration and sequencing. [Id. at 2-3; see ECF Nos. 79, 82, 93, 108]. Judge Hennessy also permitted Plaintiff to seek *leave* to amend his complaint, in accordance with Fed. R. Civ. P. 15(a)(2). [ECF No. 116 at n.1]. Judge Hennessy further directed Plaintiff to refrain from making additional filings pending issuance of a report and recommendation on Defendants' motion to dismiss, except to file objections to the R&R. [Id. at n.2]

The following day, Plaintiff filed an objection to the first R&R. [ECF No. 117]. While that objection was pending, Judge Hennessy thereafter issued a second R&R, [ECF No. 118], recommending that an earlier filed motion, [ECF No. 113], be denied as moot for the same reasons as stated in the first R&R, [ECF No. 116]. Plaintiff never objected to the second R&R; however, as the second R&R was premised on the same reasons as the first R&R, the Court construes Plaintiff's objection to the R&R at ECF No. 116 as also objecting to the R&R at ECF No. 118. See Melendez v. SAP Andina y del Caribe, C.A., No. 05-1778, 2007 U.S. Dist. LEXIS 74894, at *11 (D.P.R. Sep. 24, 2007) ("Since both of Plaintiff's objections to each R&R are nearly identical, the Court addresses them concurrently").

On September 5, 2025, without filing a motion first seeking leave and without the opposing party's consent, Plaintiff filed an Amended Complaint, naming additional defendants. [ECF No. 120]. On October 29, 2025, Judge Hennessy issued a final third R&R addressing Defendants' Motion to Dismiss, recommending that the motion be granted on the grounds that the Court has no subject matter jurisdiction over Plaintiff's claims under the Rooker Feldman doctrine, and that, alternatively, Plaintiff has failed to state a claim upon which relief can be granted. [ECF No. 136]. In that R&R, Judge Hennessy granted Defendants' motion to strike Plaintiff's proposed Amended Complaint, [ECF No. 121], for failure to comply with applicable procedural rules and for failure to cure the complaint's fundamental defects. [ECF No. 136]. Plaintiff timely filed objections to the final R&R on November 3, 2025. [ECF No. 139]. The Court will consider Plaintiff's objections to the three R&Rs together.

## II.     LEGAL STANDARDS

### a.  Review of a Magistrate Judge's Report and Recommendation

A U.S. District Judge may refer certain types of pending matters to a U.S. Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R . Civ. P. 72(b)(1). Parties may file written objections to an R&R within fourteen days of its issuance. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). An argument that has not been raised in front of the magistrate judge is "not entitled to a *de novo* review." Mills v. Turner, No. 15-13267-MLW, 2017 U.S. Dist. LEXIS 136887, at *3 (D. Mass. Aug. 25, 2017) (quoting Borden v. Sec'y of Health & Human Servs., 836 F. 2d 4, 6 (1st Cir. 1987)). Objections containing arguments or referring to previously available evidence that were not raised before the magistrate judge are deemed waived. Borden, 836 F.2d at 6 (explaining that a party objecting to a report and recommendation is "not entitled to a *de novo* review of an argument never raised" before the magistrate); see Guzman-Ruiz

v. Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005) (ruling an argument, which was not brought before the magistrate judge, is deemed waived). When a District Court refers a dispositive motion to a Magistrate Judge for a recommended disposition, the District Judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). When conducting a *de novo* review, the U.S. District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). "Where objections to an R&R are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted." Rojas-Buscaglia v. Taburno-Vasarely, 39 F. Supp. 3d 208, 212 n.1 (D.P.R. 2014) (citing Westernbank P.R. v. Kachkar, No. 07-1606 (ADC), 2009 U.S. Dist. LEXIS 78726, at *25 (D.P.R. Sept. 1, 2009)). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (quotation and citation omitted); DeSilva v. Guardian Life Ins. Co. of Am., No. 23-CV-12625-MRG, 2025 U.S. Dist. LEXIS 64359, at *9 n.6 (D. Mass. Mar. 31, 2025) ("Indeed, the clear error standard applies to such improper objections" (citations omitted)).

### b. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"Jurisdiction is the cornerstone of every federal court action." Woo v. Spackman, 988 F. 3d 47, 53 (1st Cir. 2021). Therefore, when faced with a motion to dismiss under both 12(b)(1) and 12(b)(6), a district court "ordinarily decide[s] the 12(b)(1) motion first." Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, 62 F. 3d 37, 39 (1st Cir. 1995). The Court evaluates alleged facts in the complaint "at face value" to determine whether they support subject-matter jurisdiction. Gordo-Gonzalez v. United States, 873 F. 3d 32, 35 (1st Cir. 2017). The plaintiff bears the burden to establish that the federal court has subject-matter jurisdiction. Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F. 3d 61, 64 (1st Cir. 2018). "If the party fails to demonstrate a basis for jurisdiction,

4

the district court must grant the motion to dismiss." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995), cert. denied, 515 U.S. 1144 (1995). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000) (citing Mortensen v. First Fed. Sav & Loan Ass'n, 594 F.2d 884, 890-91 (3rd Cir. 1977)). "The Rooker-Feldman doctrine is jurisdictional in nature; if a case is dismissed because the Rooker-Feldman doctrine applies, it means the court has no subject-matter jurisdiction to hear the case." Mills v. Harmon Law Offices, P.C., 344 F.3d 42, 44 n. 1 (1st Cir. 2003) (quoting In re Middlesex Power Equip. & Marine Inc, 292 F.3d 61, 66 (1st Cir. 2002)).

### III.    DISCUSSION

#### a.  Consent to Proceed Before a Magistrate

Plaintiff objects to the Magistrate's rulings in the R&Rs because he argues that he did not consent to proceed before a Magistrate, and asserts that because the case designation includes the initials "MRG," Magistrate Judge Hennessy lacked authority to act absent Plaintiff's consent. [ECF No. 139 at 2]. This objection reflects a fundamental misunderstanding of the statutory framework governing reports and recommendations and is without merit.[1] Under 28 U.S.C. §

---

[1] It appears to the Court that Plaintiff relies on generative AI to make statements of law. However, the Court warns Plaintiff that generative AI does not necessarily generate accurate findings of law, can create incorrect or made-up citations, and should not be relied upon without review as a source

636(b)(1)(B) ("§ 636"), a district judge may refer dispositive matters, including motions to dismiss, to a magistrate judge for a report and recommendation, regardless of the parties' consent Id.; see also Fed. R. Civ. P. 72(b)(1) (discussing magistrates judges' ability to issue R&R's "*without the parties consent*" (emphasis added)). Here, Judge Hennessy did not enter a final order disposing of Plaintiff's claims independently; consistent with § 636(b), Judge Hennessy issued an R&R pertaining to Plaintiff's claims, which has no operative effect unless and until adopted by the District Court. The District Judge's initials in the case caption or docket designation merely reflect the administrative assignment of the case. The presence of the District Judge's initials does not limit the judge's statutory authority to refer matters to a magistrate judge, nor does it preclude a magistrate judge from issuing a report and recommendation. The absence of Plaintiff's consent is therefore legally irrelevant to the R&R process. See Cugini v. Ventetuolo, 781 F.Supp. 107, 108 n.1 (D.R.I. 1992) (plaintiff's lack of consent for magistrate jurisdiction was of "no consequence"). Accordingly, Plaintiff's objection based on the absence of consent or lack of authority is overruled.

### b. Objection to the R&R's Rulings on Plaintiff's Motion under Fed. R. Civ. P. 60(b)(4)

In the first and second R&Rs [ECF Nos. 116, 118], Judge Hennessy denied Plaintiff's motion for emergency relief from a judgment under Fed. R. Civ. P. 60(b)(4). [ECF No. 116 at 2-3]. Plaintiff sought to render void a prior R&R, [ECF No. 45 at 4–6], that denied injunctive relief

---

of sound legal arguments. For instance, Plaintiff cites to 28 U.S.C. § 636(b)(1)(B) as supporting authority for the assertion that "a magistrate may recommend but cannot strike pleadings absent district-judge adoption," which is wholly unsupported by the language of the statute. On the contrary, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.72 empower magistrate judges to rule on non-dispositive motions, such as a motion to amend a complaint. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Pagano v. Frank, 983 F. 2d 343, 346 (1st Cir. 1993). Additionally, Plaintiff states that Judge Hennessy's R&R referenced two cases, Ankenbrandt v. Richards, 504 U.S. 689 (1992) and Seminole Tribe v. Florida, 517 U.S. 44 (1996) [ECF No. 139 at 6]; however, neither case is cited in the R&Rs pending before this Court. [See ECF Nos. 116, 136].

because Plaintiff had failed to show likelihood of success on the merits where the relief he sought was barred by the Rooker-Feldman doctrine. [ECF No. 47].

Upon *de novo* review, the Court finds that Judge Hennessy correctly stated the legal standard for his analysis on the Rule 60(b)(4) motion. [ECF No. 116 at 2–3]. A party may move for relief from a judgment on the basis that it is void pursuant to Fed. R. Civ. P. 60(b)(4). As the First Circuit has explained,

> There are only two sets of circumstances in which a judgment is void (as opposed to voidable). The first is when the rendering court lacked either subject matter jurisdiction or jurisdiction over a defendant's person. The second is when the rendering court's actions so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause results.

Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 39 (1st Cir. 2021) (quoting Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003)). Applying this standard, Judge Hennessy denied Plaintiff's motion because he did not argue in any prior motions that this Court lacks jurisdiction over his claims or that this Court had exceeded the "proper exercise of judicial power that a violation of the Due Process clause results." [ECF No. 116 at 2–3 (quoting Carrasquillo-Serrano, 991 F.3d at 39)].

Plaintiff asserts that Judge Hennessy misapprehended his argument. [ECF No. 117 at 2-3] Plaintiff concedes that he is not contending that this Court lacked jurisdiction. [Id,] Plaintiff states, "the Court's prior order was void because it rested upon and gave effect to state child-support orders that were themselves entered without valid service, notice, or personal jurisdiction" and "[a] federal order that enforces or incorporates void state orders operates 'in a manner inconsistent with due process,' and is therefore void within the meaning of Fed. R. Civ. P. 60(b)(4)." [Id.at 2] As a preliminary matter, because Plaintiff asserted a near identical argument in his prior filings, [see e.g., ECF No. 79 at 1], the Court's review of these objections is under a clear error standard.

7

59

DeSilva, No. 23-CV-12625-MRG, 2025 U.S. Dist. LEXIS 64359, at *9 n.6 (D. Mass. Mar. 31, 2025).

Under either a clear error or *de novo* standard, Judge Hennessy's denial of Plaintiff's Rule 60(b)(4) motion was supported by law. The First Circuit explicitly rejected a similar argument in O'Callaghan v. Shirazi, where the plaintiffs likewise did not challenge the court's subject matter jurisdiction over the dispute; rather, they said the opposite, "that is, that because Rooker-Feldman does not apply, the district court *did* have subject matter jurisdiction." 204 F. App'x 35, 37 (1st Cir. 2006) (citing D.C. Ct.App. v. Feldman, 460 U.S. 462, 486 (1983)). The court of appeals denied plaintiffs' motion because the plaintiffs did not explain how the Court's original judgment could be characterized as an excessive exercise of judicial power constituting a due process violation. Id. Indeed, the court noted the irony in plaintiffs' argument "that the court's decision that *lacked* the power to act in a matter (because it lacked subject matter jurisdiction) could be said to have *exceeded* the court's power." Id. The same irony is true here. Plaintiff asserts that in denying injunctive relief that would have stayed the state court's determinations and child support orders against Plaintiff, this Court allows those orders to go into effect, thus creating a due process violation. [ECF No. 117 at 5]. Plaintiff cannot repackage the Court's refusal to enjoin a state court judgment due to the Rooker-Feldman doctrine as an endorsement of the state court's rulings. Like in O'Callaghan, Plaintiff has failed to show where this Court exceeded its power in declining jurisdiction. 204 F. App'x at 37. Further, as discussed below, the Court does lack subject matter jurisdiction under Rooker-Feldman to adjudicate Plaintiff's claims challenging his loss in state court. Finding no error under a clear error or *de novo* standard, the Court overrules Plaintiff's objection. Infra at 9-13.

     **c.  Objection to the Application of the Rooker-Feldman Doctrine**

Judge Hennessy recommended granting Defendants' Motion to Dismiss due to lack of subject matter jurisdiction under the Rooker Feldman[2] Doctrine. [ECF No. 136 at 6–13]. In his objection to this determination, Plaintiff reiterates arguments he made previously, that the underlying state court judgment was not valid, so Rooker-Feldman does not apply. [Compare ECF No. 139 at 2 with ECF No. 43 ¶ 23 ("Since there was no valid judgment due to lack of personal jurisdiction, the Rooker-Feldman doctrine does not bar this federal action")]. Plaintiff also reasserts his argument that he is not challenging the state court judgment but rather challenging "independent claims," so Rooker-Feldman does not apply. [Compare ECF No. 139 at 5–6 with ECF No. 114 at 2–3 (Plaintiff asserting that his claims for relief do not ask this Court to directly review or upset the judgment of the state courts but rather only "challenge[] the executive enforcement acts carried out under color of state law[.]")]. Once again, these arguments have been recycled from earlier pleadings and were soundly addressed and rejected by Magistrate Judge Hennessy in the R&R; accordingly, the Court reviews for clear error. See DeSilva, 2025 U.S. Dist. LEXIS, at *9 n.6 (citations omitted).

The Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. 28 U.S.C. § 1257; Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Under the Rooker-Feldman doctrine, a district court cannot exercise subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291. Instead, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of P. R. –

---

[2] The term "Rooker-Feldman doctrine" is a shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

P. R. Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006). Litigants cannot "avoid the impact of the Rooker-Feldman Doctrine simply by recasting [their] claims in federal court as arising under the United States Constitution" where adjudications would require reviewing the merits of the state courts decision. Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (citing McKenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)).

The Court agrees with Judge Hennessy that the Rooker-Feldman doctrine bars adjudication of Plaintiff's claims no matter how he tries to recast his suit as anything other than a collateral attack on the state court judgment against him. Plaintiff is a litigant who lost in state court who is dissatisfied with the outcome of the state court litigation and who commenced this action after the state court judgments were entered. [See ECF No. 1 (suit filed on September 5, 2024)]; Van Etten v. Van Etten, WO07D1562DV1 (Mass. Prob. & Fam. Ct.) (relevant judgments of Probate and Family Court entered on January 22, 2008, and June 16, 2009); Efreom v. McKee, 46 F.4th 9, 17 (Rooker-Feldman doctrine applicable to "state-court losers"). Considering Plaintiff's inventive re-framing of his suit, Judge Hennessy assessed the true nature of Plaintiff's claims:

> The reality is that Van Etten asks this Court to vacate and declare null and void the support orders issued in Van Etten's state court custody and divorce case. Indeed, the relief he seeks--that the Court enjoin wage garnishment and collection pursuant to the Income Withholding Orders, and return all payments already collected--depends on this Court exercising appellate jurisdiction and declaring the actions of the state court void or in error. See [Dkt. No. 1 at p. 16]. Put another way, in order for this Court to grant Van Etten the relief he seeks, it would have to conclude that the state court was wrong in its judgment that alternative service of process was appropriate for an exercise of jurisdiction over him. Thus, it is clear that Van Etten is seeking to use the District Court as an appellate forum to reverse the findings and orders from his state court proceedings.

[ECF No. 136 at 10–11]. Plaintiff did not object to this portion of Judge Hennessy's analysis. [See ECF No. 139]. Although Plaintiff presents his claim as being constitutional challenges to state

10

62

court rules, his claim of injury "rests [] on the state court judgment itself," implicating Rooker-Feldman's statutory bar on this Court's subject matter jurisdiction. Galibois v. Fisher, 174 F. App'x 579, 580–81 (1st Cir. 2006) (quoting Washington v. Wilmore, 407 F.3d 247, 280 (4th Cir. 2003)). Plaintiff's claims in this Court would require a review of the merits of the state court proceedings and Plaintiff cannot avoid Rooker-Feldman's bar by "recasting" his claims as arising under the Constitution. See Sinapi, 910 F.3d at 549. Accordingly, the Court also finds Plaintiff's reliance on Skinner v. Switzer, 562 U.S. 521 (2011) misplaced. [See ECF No. 139 at 5–6].

Judge Hennessy expressly rejected Plaintiff's argument that the Rooker-Feldman doctrine does not apply when the plaintiff contends that no valid state court judgment exists due to a lack of personal jurisdiction. [ECF No. 136 at 11–13]. In doing so, Judge Hennessy noted that Plaintiff "cite[d] no legal authority." [Id. at 11]. In contrast, Judge Hennessy relied on persuasive authority from multiple circuits rejecting any such exception to the Rooker-Feldman doctrine. [Id. at 11–13 (citing Rouse v. Nessel, No. 21-1630, 2022 U.S. App. LEXIS 19069, at *2 (6th Cir. July 11, 2022) (no exception to application of Rooker-Feldman where plaintiff argued child support orders were void because the state court which issued them lacked personal jurisdiction over plaintiff); see also Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003) (rejecting argument that there is a "void ab initio" exception to Rooker-Feldman where the state court allegedly lacked jurisdiction in underlying divorce proceedings); Skit Intern., Ltd. v. DAC Techs. Of Arkansas, Inc., 487 F.3d 1154, 1156-58 (8th Cir. 2007) (affirming dismissal under Rooker-Feldman in case where plaintiff sought to set aside state court judgment as "void" for lack of service of process and lack of personal jurisdiction); Williams v. Rudder, No. 98-16059, 1999 U.S. App. LEXIS 97131999 U.S. App. LEXIS 9713, at *2 (9th Cir. May 14, 1999) ( "Because federal district courts lack appellate jurisdiction over state court decisions, even where the claim is that the state court lacked personal

11

63

jurisdiction, the district court properly dismissed this action under the <u>Rooker-Feldman</u> doctrine."); <u>Eisenhart v. Eagle Cnty. Sheriff's Off.</u>, No. 23-1275, <u>2024 U.S. App. LEXIS 18962, at *5</u> (10th Cir. July 31, 2024) (affirming that <u>Rooker-Feldman</u> bars a claim where plaintiff asks to review state court judgment for lack of personal jurisdiction)].

Plaintiff reiterates this argument in his Emergency Objection to the R&R, but this time cites as legal authority <u>Pennoyer v. Neff</u>, <u>95 U.S. 714</u> (1877), <u>Peralta v. Heights Medical Center, Inc.</u>, <u>485 U.S. 80</u> (1988), and <u>United Student Aid Funds, Inc. v. Espinosa</u>, <u>559 U.S. 260</u> (2010). [<u>ECF No. 139 at 2</u>]. However, none of those cases address whether a federal district court has subject matter jurisdiction over a challenge to a state court judgment. Whether the state court had personal jurisdiction to issue a judgment, and whether the federal court has subject matter jurisdiction to review or invalidate that judgment, are distinct inquiries. There is no authority supporting Plaintiff's proposition that federal district courts have subject matter jurisdiction over jurisdictionally defective state court judgments. To the contrary, even where a state court is alleged to have violated constitutional limits on personal jurisdiction, federal district courts remain without jurisdiction to declare such judgments void. <u>Schmitt</u>, <u>324 F.3d at 487</u> (<u>Rooker-Feldman</u> bars consideration of whether state court lacked personal jurisdiction). The proper place to challenge the validity of a state court judgment is in the state's highest appellate court, or the United States Supreme Court. <u>Davison</u>, <u>471 F.3d at 223</u>.

Discerning no error in the Magistrate's analysis, the Court overrules Plaintiff's objection to the application of the <u>Rooker-Feldman</u> doctrine.

### d. Objection to the Application of Eleventh Amendment Immunity

Plaintiff lodges only a conclusory objection to the R&R with respect to Judge Hennessy's determination, [see ECF No. 136 at 13–15], that the Eleventh Amendment bars Plaintiff's claims against the Probate Court and CSS-DOR, as well as his claims for damages and retrospective relief against all defendants sued in their official capacities. [ECF No. 139 at 6]. Plaintiff merely asserts that his claims "fall squarely within Ex Parte Young [exception]," [id.], without offering any explanation as to why that exception applies and without addressing Judge Hennessy's finding that Plaintiff's sole claim for prospective relief, prohibiting CSS-DOR from further collecting child support payments, is independently barred by the Rooker-Feldman doctrine. [See ECF No. 136 at 15]. The Court agrees with Judge Hennessy's analysis that, under Rooker-Feldman, the Court has no subject matter jurisdiction to re-litigate state court judgments surrounding child support payments. Gray-Bey v. 42 U.S. Code 654(3) Mass. Dep't of Revenue Child Support Enforcement Div., No. CV 20-12042-DJC, 2021 U.S. Dist. LEXIS 258272, at *9-10 (D. Mass. Mar. 17, 2021). Without further objection, the remaining unrebutted reasoning and conclusions in Judge Hennessy's Eleventh Amendment analysis are therefore accepted and adopted by the Court. See Borden, 836 F.2d at 6 (affirming district court's refusal to consider arguments not presented to magistrate judge).

### e. Alternative Rule 12(b)(6) Grounds

Where the Court lacks subject matter jurisdiction, assessment of the merits under Rule 12(b)(6) "becomes a matter of purely academic interest." Pereira v. DeJoy, No. CV 23-12133-RGS, 2024 U.S. Dist. LEXIS 70854, at *4 (D. Mass. Apr. 18, 2024) (quoting Deniz v. Mun. of Guaynabo, 285 F.3d 142, 149-150 (1st Cir. 2002)). Further, without a proper jurisdictional basis, the Court must grant the motion to dismiss. Johansen, 506 F.3d at 68. Because the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine and the

13

65

Eleventh Amendment, it will not reach Defendant's alternative arguments for dismissal under Rule 12(b)(6) and **declines to adopt** the Magistrate's recommended rulings on the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (declining to assume jurisdiction for the purpose of deciding the merits of the arguments because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). Nevertheless, the Court notes Judge Hennessy thoroughly analyzed Defendants' 12(b)(6) arguments and identified multiple independent grounds for dismissal as to each of Plaintiff's claims to which Plaintiff did not meaningfully object. [ECF No. 136 at 15–26; see generally ECF No. 139].

### f.   Striking of the Amended Complaint

In the third R&R, Judge Hennessy considered whether Plaintiff would be granted leave to amend his complaint and determined that the amended complaint should be disallowed as both procedurally defective and substantively futile. [ECF No. 136 at 27–28]. Plaintiff, in essence, objects that he was instructed to file an amended complaint; however, he admits in his objection that the court's order was for him to file a *motion* for leave to amend the complaint. [ECF No. 139 at 3 (quoting ECF No. 116 at 3 n.1)]. Judge Hennessy correctly stated the legal standard that Fed. R. of Civ. P. 15(a)(2) allows a party to amend its pleadings beyond 21 days after service of the original pleading only with leave of the court or on consent, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, the Magistrate correctly determined that "grant or denial of [a motion for] leave to file an amended complaint is within the court's discretion." [ECF No. 136 at 27 (citing Lukas v. United States, 133 F.Supp.3d 284, 286 (D. Mass. 2015)]; Forman v. Davis, 371 U.S. 178, 182 (1962).

14

66

First, the Court rejects Plaintiff's objection that Judge Hennessy lacked the authority to rule on a motion for leave to amend or to strike the amended complaint. This Court referred this matter to Judge Hennessy for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). While some matters are expressly exempted from the magistrate's authority to rule on directly, ruling on non-dispositive motions such as denying leave to amend or striking a pleading are not among the exceptions under the statute. See 28 U.S.C. § 636(b)(1)(A)[3]; Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n.2 (1st Cir. 2000) ("The magistrate judge had the authority to decide the motion to amend outright." (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))). The magistrate's authority under § 636(b) of the statute does not depend on a litigant's consent to proceed before them. Indeed, outside of the specific exceptions, § 636(b) gives Magistrate Judges like Judge Hennessy the power to "hear and determine any pretrial matter," which includes non-dispositive rulings like striking pleadings that do not comply with Federal Rules of Civil Procedure or Local Rules, or denying leave to amend a futile complaint. 28 U.S.C. § 636(b)(1)(A); see Owens v. Hinsley, 635 F.3d 950, 956 (7th Cir. 2011) (affirming magistrate judge's denial of leave to amend for failure to comply with procedural rules). However, § 636(b)(1)(A) also gives district judges the authority to review or reconsider any non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

On the merits, Judge Hennessy found the proposed Amended Complaint procedurally and substantively defective. [ECF No. 136 at 27–28]. Procedurally, Plaintiff failed to follow Local

---

[3] "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgement, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

Rule 15.1 because he did not serve his proposed new parties with the Amended Complaint "at least 14 days in advance of filing the motion, [] with a separate document stating the date on which the motion will be filed." L. R. 15.1(b). Nor did Plaintiff comply with Fed. R. Civ. P. Rule 15, which provides that an amended complaint may be filed beyond 21 days after service of the original pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff never filed a motion for leave to amend.

In addition, Judge Hennessy found that the proposed Amended Complaint was substantively defective because it does not cure the fundamental defect under Rooker-Feldman that the Court lacks subject matter jurisdiction over challenges to state court judgments. [ECF No. 136 at 28]. None of Plaintiff's new claims in the proposed Amended Complaint allege an injury independent of the state-court judgments nor do they seek relief that would not require this Court to review and reject those judgments, i.e., there is no exception to the Rooker-Feldman doctrine that is implicated.

While the Court's blessing is not required for Judge Hennessy's refusal to allow Plaintiff to amend his complaint nor his decision to strike the proposed Amended Complaint, upon review pursuant to § 636(b)(1)(A), the Court finds no clear error or determination contrary to law. Accordingly, the Court overrules the Plaintiff's objections to Magistrate Judge Hennessy's rulings on his proposed Amended Complaint.

### g. **Remaining Objections**

Plaintiff raises two final objections to the third R&R: that the magistrate judge failed to resolve pending jurisdictional claims before recommending dismissal, and that there is a pattern

16

68

of procedural obstruction and suppression of certified evidence. [ECF No. 139 at 4-5]. The Court will address each of these objections.

Plaintiff's first objection is without merit. Plaintiff argues that Magistrate Judge Hennessy should have ruled on this Court's jurisdiction before proceeding to the merits [ECF No. 139 at 4]; however, that is exactly what Judge Hennessy did in ruling that this Court lacks subject matter jurisdiction over Plaintiff's claims. [ECF No. 136 at 6-20]. Courts regularly decide dispositive motions which may resolve the case before reaching other motions. See e.g. Steel, 523 U.S. at 94 (citing Great Southern Fire Proof Hotel Co. v. Jones, 117 U.S. 449, 453 (1900)) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court"); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"). Plaintiff points to his motion for emergency relief from judgment under Fed. R. Civ. P. 60(b)(4) as a matter that should have been ruled on, but as discussed at length, this type of motion concerns voided judgments, not jurisdiction. Supra pp. 7-9. Further, Plaintiff's argument is unsupported by the procedural history of this case where Judge Hennessy did publish his R&R on the Rule 60(b)(4) motion, [ECF Nos. 116, 118], prior to writing the R&R on the motions to dismiss. [ECF No. 136].

Plaintiff next objects on the grounds that the Magistrate Judge engaged in "procedural obstruction" and "suppression of certified evidence" by issuing multiple R&Rs and by striking Plaintiff's exhibits to his proposed Amended Complaint. [ECF No. 139 at 3–4]. This objection is unfounded and rests on a fundamental misunderstanding of both the record and the Magistrate Judge's role. As discussed at length throughout this Order, Magistrate Judge Hennessy acted within his authority to rule directly on the motion for leave to amend and to strike the Amended Complaint. Supra pp. 5-7. Likewise, he abided by the proper procedure for ruling on dispositive

17

69

motions or exempted pretrial matters by issuing R&Rs for consideration by this Court. Although they were stricken, Plaintiff's proposed Amended Complaint and attached exhibits remain part of the docket and were available for review by the Court. [ECF No. 120]. The striking of a pleading or filing for failure to comply with procedural rules does not expunge the underlying record, nor does it prevent the District Court from reviewing any materials properly before it. Plaintiff's disagreement with Judge Hennessy's legal conclusions, particularly the determination that the Court lacks subject matter jurisdiction, does not constitute obstruction, bias, or a failure to preserve constitutional issues for review. Recharacterizing adverse rulings as procedural misconduct does not supply a legal basis for relief. Plaintiff's remaining objections are therefore overruled.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's objections to the Magistrate Judge's R&Rs are **OVERRULED**. The R&Rs dated August 26, 2026 [ECF No. 116], August 27, 2026 [ECF No. 118] are **ADOPTED IN FULL.** Therefore, Plaintiff's Emergency Motion for Relief from Judgment under Rule 60(b)(4) [ECF No. 79] is **DENIED**. Plaintiff's other related motions [ECF Nos. 82, 93, 108] are **DENIED AS MOOT.**

The R&R dated October 29, 2025 [ECF No. 136] is **ADOPTED IN PART**. The R&R's rulings to grant Defendants' motion to dismiss pursuant to 12(b)(1) are **ADOPTED** but the R&Rs rulings pursuant to 12(b)(6) are **REJECTED** because the Court lacks subject matter jurisdiction to review Plaintiff's claims on the merits. Accordingly, Defendants' motion to dismiss, [ECF No. 91], is **ALLOWED**. Further, the Court finds no error in the Magistrate's decision to deny leave to amend the complaint nor his decision to strike the amended complaint. Accordingly, Defendants' motion to strike the Amended Complaint and attached exhibits, [ECF No. 121], is **GRANTED**.

18

70

Finally, as the motion to dismiss, [ECF No. 91], is **GRANTED IN FULL**, judgment shall enter for the Defendants, all other pending motions shall be **DENIED AS MOOT**, and this civil action shall be **TERMINATED**.

**SO ORDERED.**

Dated: March 6, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GREGORY J. VANETTEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 4:24-40113-MRG |
| STEPHANIE K. FATTMAN, ET AL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER OF DISMISSAL

**GUZMAN, D.J.**

In accordance with the Court's Memorandum and Order dated March 6, 2026, [ECF 149] ADOPTING the Magistrate Judge's Report and Recommendations and GRANTING Defendants' Motion to Dismiss, it is hereby ORDERED that the above-entitled action be and hereby is DISMISSED.

By the Court,

March 6, 2026                              /s/Suzanne Frisch
Date                                          Deputy Clerk

72

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

*Plaintiff,*

v.

Stephanie K. Fattman, Ashley
Stewart, Megan Brown, Angelina
Consolmagno, Michele Cristello,
Jennifer Melia, Daniel M Wrenn,
Serge Georges Jr., Michael S. Denham,
Worcester Probate and Family Court,
Child Support Services Division,

*Defendants.*

Case No. 4:24-cv-40113-MRG

FILED IN CLERKS OFFICE

MAR 18 '26 AM10:36 USDC MA

## NOTICE OF APPEAL

**Gregory Alvin James Van Etten**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas [76302]**
**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**
**Plaintiff**
**Self-Represented**

Notice is hereby given that Plaintiff Gregory Alvin James Van Etten, proceeding pro se, hereby appeals to the United States Court of Appeals for the First Circuit from the final judgment entered in this action on March 6, 2026, including the Memorandum and Order adopting the Reports and Recommendations and granting Defendants' Motion to Dismiss.

This appeal is taken pursuant to 28 U.S.C. § 1291 from the final judgment entered in this case.

2

This appeal encompasses the final judgment and all prior orders that merge into that judgment, including but not limited to the denial of Plaintiff's motion under Federal Rule of Civil Procedure 60(b)(4) and the dismissal of the action for lack of subject-matter jurisdiction.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Plaintiff
Self-Represented

2

## Certificate of Service

Because Plaintiff's CM/ECF filing privileges are suspended, the foregoing **NOTICE OF APPEAL** was served and submitted on Monday 16th March, 2026 as follows:

1. **Clerk of Court (for filing and docketing):** Served by US Mail addressed to:

   Clerk of Court
   United States District Court
   for the District of Massachusetts
   595 Main Street, Room 502
   Worcester, MA 01608

2. **Counsel of Record for Defendants:**

   Served by electronic mail on Monday 16th March, 2026, to:

   - **Nigel Stevens, Assistant Attorney General**

     `nigel.stevens@mass.gov`

   - **Alexander Weiss, Assistant Attorney General**

     `alexander.weiss@mass.gov`

   - **Office of the Attorney General (Administrative Law Filings)**

     `AdLawEFilings@mass.gov`

This service complies with the Court's curb order.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Plaintiff, Self-Represented

3

Case: 26-1280    Document: 00118421644    Page: 76    Date Filed: 03/24/2026    Entry ID: 6795861

75

March 16, 2026

Clerk of Court
United States District Court
for the District of Massachusetts
595 Main Street, Room 502
Worcester, MA 01608

Re: **Van Etten v. Fattman et al., Case No. 4:24-cv-40113-MRG**
Notice of Appeal Filing and Appellate Filing Fee

Dear Clerk of Court:

Enclosed for filing please find the **Notice of Appeal** in the above-captioned matter. Plaintiff Gregory Alvin James Van Etten hereby appeals from the final judgment entered on March 6, 2026.

Also enclosed is a **check in the amount of $605.00**, payable to **"Clerk, U.S. District Court,"** representing the required appellate filing and docketing fee.

Because my CM/ECF filing privileges are currently suspended pursuant to the Court's prior order, this Notice of Appeal is being submitted by certified mail for filing and docketing by the Clerk's Office.

Please docket the Notice of Appeal and transmit the record to the United States Court of Appeals for the First Circuit in accordance with the Federal Rules of Appellate Procedure.

Thank you for your assistance.

Respectfully submitted,

/s/ Gregory Alvin James Van Etten

Gregory Alvin James Van Etten
1530 P B LN #V1425
Wichita Falls, Texas 76302
Phone: 301-820-5302
Email: jim.vanetten@gmail.com
Plaintiff, Pro Se