IN THE

# United States Court of Appeals
# For the First Circuit

GREGORY ALVIN JAMES VAN ETTEN

*Plaintiff - Appellant*

*v.*

FATTMAN, *et al.*

*Defendants - Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

(HON. MARGARET R. GUZMAN, U.S. DISTRICT JUDGE)

EMERGENCY MOTION TO EXPEDITE APPEAL AND FOR
SUMMARY DISPOSITION

GREGORY ALVIN JAMES VANETTEN
C/O: 1530 P B LN #V1425
WICHITA FALLS, TEXAS [76302]
(301) 820-5302
JIM.VANETTEN@GMAIL.COM

# EMERGENCY MOTION TO EXPEDITE APPEAL AND FOR SUMMARY DISPOSITION

Appellant Gregory Alvin James Van Etten respectfully moves this Court, pursuant to Federal Rule of Appellate Procedure 27, 28 U.S.C. § 1657(a), and First Circuit Local Rule 27.0(c), for expedited consideration of this appeal and for summary disposition vacating the judgment below and remanding for resolution of the jurisdictional defect.

## I   Nature of the Case

This appeal presents a threshold constitutional defect: state-court orders giving rise to ongoing financial enforcement were entered where the record demonstrates that personal jurisdiction was never obtained through lawful service of process.

Appellant does not seek review of the merits of any state-court judgment. Rather, Appellant challenges the continued enforcement of obligations arising from orders that, on the face of the certified record, were entered prior to the acquisition of personal jurisdiction.

## II   Ongoing Irreparable Harm

Appellant continues to suffer ongoing harm arising from enforcement of the challenged orders, including:

- Continuing wage withholding and financial deprivation;

- Ongoing credit impairment and reputational harm that adversely affects Appellant's ability to secure employment, maintain professional standing, and generate income;

- Continuing economic consequences arising from enforcement actions.

These harms are not retrospective. They are ongoing and cumulative. Where a party alleges deprivation of constitutional rights, even minimal ongoing harm constitutes irreparable injury. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

In addition, the harm arises from orders that are void as a matter of law. From the moment of their entry, the orders imposed obligations and enforcement mechanisms without the prerequisite of personal jurisdiction. The resulting deprivation of property and legal rights began at inception and continues through present enforcement. Accordingly, this case involves both ongoing injury and a foundational jurisdictional defect that has never been adjudicated.

Although the underlying proceedings involved family-court orders, those issues are no longer directly at stake. The financial and legal consequences of the challenged orders remain ongoing. This appeal therefore presents a live controversy concerning the continued enforcement of obligations arising from orders that are void for lack of jurisdiction, as demonstrated by the certified record.

### III   Threshold Jurisdictional Defect Requires Prompt Resolution

This appeal turns on a narrow legal issue:

**The state court did not obtain personal jurisdiction before issuing the orders at issue.**

A judgment entered without personal jurisdiction is void and cannot be enforced consistent with due process. See *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988). Because the issue is jurisdictional, it must be resolved before any further enforcement continues. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998).

### IV   The District Court Did Not Resolve the Jurisdictional Defect

Although Appellant raised the jurisdictional defect through a Rule 60(b)(4) motion and supporting record, the district court dismissed the action without addressing the absence of personal jurisdiction.

The magistrate judge expressly declined to address the merits of the Rule 60(b)(4) motion, and the district court did not independently resolve the jurisdictional defect despite Appellant's objections. As a result, no court has yet adjudicated the dispositive absence of personal jurisdiction reflected in the certified record.

## V  Summary Disposition Is Appropriate

This appeal presents a discrete and purely legal issue suitable for summary disposition under First Circuit Local Rule 27.0(c).

The record establishes a dispositive jurisdictional defect, including:

- Absence of any affidavit of diligent search required for service by publication;

- Absence of proof of publication;

- Absence of a completed return of service;

- Service materials marked as "COPY" rather than executed originals.

These deficiencies preclude the attachment of personal jurisdiction.

Where a party demonstrates that a judgment is void for lack of personal jurisdiction, the court must resolve that issue before proceeding further. See *Peralta*, 485 U.S. 80; *Pennoyer v. Neff*, 95 U.S. 714 (1877).

Because no court has adjudicated the jurisdictional defect reflected on the face of the certified record, this appeal presents a threshold legal issue appropriate for summary disposition.

Because the jurisdictional defect appears on the face of the record and requires no factual development, this Court may resolve the issue as a matter of law.

## VI  Expedited Review Serves Judicial Economy

This appeal presents a discrete legal issue that does not require extensive factual development. The jurisdictional defect arises from the face of the record and can be resolved as a matter of law.

Expedited review will:

- Prevent continued enforcement of void orders;

- Avoid further accumulation of irreparable harm; and

- Promote efficient resolution of a threshold constitutional issue.

## VII  Relief Requested

Appellant respectfully requests that this Court:

1. Expedite consideration of this appeal pursuant to 28 U.S.C. § 1657(a) and First Circuit Local Rule 27.0(c);

2. Summarily vacate the judgment below;

3. Hold that the underlying orders are void ab initio due to the absence of personal jurisdiction as reflected in the certified record;

4. Remand with instructions that the district court grant relief under Rule 60(b)(4) and proceed consistent with that determination;

5. Grant such interim relief as the Court deems appropriate to prevent ongoing irreparable harm pending resolution of this appeal; and

6. Grant such further relief as this Court deems just and proper.


Respectfully submitted,


*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented

4

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"EMERGENCY MOTION TO EXPEDITE APPEAL AND FOR SUMMARY DISPOSITION"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Respondents' counsel,

- **Nigel Stevens, Assistant Attorney General**
  `nigel.stevens@mass.gov`

- **Alexander Weiss, Assistant Attorney General**
  `alexander.weiss@mass.gov`

- **Office of the Attorney General (Administrative Law Filings)**
  `AdLawEFilings@mass.gov`

via email to email address on the record, on March 24, 2026.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented