No. 26-1280

IN THE

# United States Court of Appeals
# For the First Circuit

GREGORY ALVIN JAMES VAN ETTEN

*Plaintiff - Appellant*

*v.*

FATTMAN, *et al.*

*Defendants - Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

(HON. MARGARET R. GUZMAN, U.S. DISTRICT JUDGE)

APPELLANT'S MOTION FOR JUDICIAL NOTICE OF CERTIFIED STATE
COURT RECORDS (DKT. 119)

GREGORY ALVIN JAMES VANETTEN
C/O: 1530 P B LN #V1425
WICHITA FALLS, TEXAS [76302]
(301) 820-5302
JIM.VANETTEN@GMAIL.COM

## APPELLANT'S MOTION FOR JUDICIAL NOTICE OF CERTIFIED STATE COURT RECORDS (DKT. 119)

Appellant Gregory Alvin James Van Etten respectfully moves this Court to take judicial notice of certified state court records submitted in the district court at Dkt. 119.

Appellant filed an Emergency Motion for Leave to Supplement (Dkt. 119) attaching certified copies of state-court records bearing directly on the threshold issue of personal jurisdiction. The district court did not rule on that motion. Accordingly, although the materials were presented below, they were not formally incorporated into the record on appeal. Because leave was not granted, Appellant attaches the same certified materials here as Exhibits A–E in support of this motion.

The materials submitted at Dkt. 119 are certified public records corresponding to documents already referenced by the parties in the district court. They do not introduce new evidence, but instead confirm the contents of the existing record through official certification.

Federal courts may take judicial notice of certified state-court records as matters of public record not subject to reasonable dispute. See Fed. R. Evid. 201. Courts of appeals routinely take judicial notice of such materials where they bear on a threshold jurisdictional issue.

The certified records at Dkt. 119 bear directly on whether the state court obtained personal jurisdiction. Because jurisdiction is a threshold question that must be resolved before the merits, consideration of these materials is appropriate at this stage. Because a judgment entered without personal jurisdiction is void ab initio, these materials are dispositive of the threshold issue before this Court.

### CONCLUSION

Accordingly, Appellant respectfully requests that this Court:

1. Take judicial notice of the certified state court records submitted at Dkt. 119 and attached hereto as Exhibits A–E; and

2. Grant such further relief as this Court deems just and proper.

1

**EXHIBITS (FROM DKT. 119)**

The following certified records are attached, consistent with Dkt. 119:

- Exhibit A – Order for Service by Publication (certified) (Dkt. 119-1)

- Exhibit B – Summons by Publication and related materials (certified) (Dkt. 119-2)

- Exhibit C – Motion for Service by Publication (certified) (Dkt. 119-3)

- Exhibit D – Ex Parte Temporary Orders (Dkt. 119-4)

- Exhibit E – Certified Probate and Family Court Docket Report (Dkt. 119-5)

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented

2

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"Appellant's Motion for Judicial Notice of Certified State Court Records (Dkt. 119)" and EXHIBITS A-E** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Respondents' counsel,

- **Nigel Stevens, Assistant Attorney General**

  nigel.stevens@mass.gov

- **Alexander Weiss, Assistant Attorney General**

  alexander.weiss@mass.gov

- **Office of the Attorney General (Administrative Law Filings)**

  AdLawEFilings@mass.gov

via email to email address on the record, on March 25, 2026.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented

3