IN THE

# United States Court of Appeals
# For the First Circuit

GREGORY ALVIN JAMES VAN ETTEN

*Plaintiff - Appellant*

*v.*

FATTMAN, *et al.*

*Defendants - Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

(HON. MARGARET R. GUZMAN, U.S. DISTRICT JUDGE)

OPENING BRIEF OF PLAINTIFF–APPELLANT

GREGORY ALVIN JAMES VANETTEN
C/O: 1530 P B LN #V1425
WICHITA FALLS, TEXAS [76302]
(301) 820-5302
JIM.VANETTEN@GMAIL.COM

# OPENING BRIEF OF PLAINTIFF–APPELLANT

Now comes the Appellant, Gregory Alvin James Van Etten, who appears *pro se*[1] and respectfully submits this opening argument in support of reversal of the district court's dismissal of Appellant's claims.

## INTRODUCTION

This appeal presents a threshold constitutional defect: whether a federal court may decline to address unrebutted record evidence that a state court entered orders affecting parental rights and wages without ever obtaining personal jurisdiction.

This case does not require review of any state-court judgment on the merits. It requires only recognition of what the certified record establishes on its face: that the procedural steps necessary to effect service by publication—an affidavit of diligent search, proof of publication, and a completed return of service—were never accomplished.

Appellant does not challenge the state court's authority to permit service by publication. Rather, Appellant alleges that state actors deprived him of property and parental rights through orders entered before the Massachusetts Probate and Family Court obtained personal jurisdiction over him.

Because personal jurisdiction is a prerequisite to any valid judgment, and because a judgment entered without jurisdiction is void ab initio, the district court was required to resolve that threshold issue before dismissing Appellant's claims. Its failure to do so was legal error.

Because a judgment entered without personal jurisdiction violates the Due Process Clause of the Fourteenth Amendment, Appellant sought relief under Federal Rule of Civil Procedure 60(b)(4) on the ground that the resulting orders are void.

The district court dismissed the case for lack of subject-matter jurisdiction without addressing the jurisdictional defects demonstrated by the certified record. In doing so,

---

[1]Courts construe pro se pleadings liberally to ensure potentially meritorious claims are not dismissed due to technical deficiencies. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

the court misapplied the *Rooker–Feldman* doctrine and declined to consider Appellant's federal constitutional claim under 42 U.S.C. §1983.

Such claims fall squarely within the remedial framework of §1983, which provides a federal forum for redressing constitutional deprivations committed under color of state law.

Because federal courts possess authority to determine whether a judgment was entered in violation of due process, the dismissal should be vacated and the case remanded for consideration of Appellant's Rule 60(b)(4) motion.

## STATEMENT OF THE ISSUE

Whether the district court erred in dismissing Appellant's claims for lack of jurisdiction without addressing Appellant's contention that the Massachusetts Probate and Family Court entered orders affecting parental rights and wages before obtaining personal jurisdiction through lawful service of process.

## STATEMENT OF THE CASE

This action arises from orders entered in the Massachusetts Probate and Family Court that affected Appellant's parental rights and wages.

Appellant alleges that those orders were entered before the court obtained personal jurisdiction over him through lawful service of process. According to the certified state-court record submitted in the district court proceedings (Dkt. 119), the docket contains no completed return of service and no valid proof of service.

The materials contained in Dkt. 119 are certified copies of the same state-court records previously relied upon by both Appellant and Appellees in the district court proceedings. They are submitted in certified form to confirm what the existing record already reflects: the absence of the procedural steps required to effect lawful service.

The certified record demonstrates the absence of the procedural steps required to effect lawful service by publication process required under Massachusetts law and constitutional notice standards. See Mass. R. Dom. Rel. P. 4(c), 4(g).

Specifically, the certified record (Dkt. 119) contains:

- no affidavit of diligent search demonstrating efforts to locate Appellant before publication;

- no affidavit or proof of publication confirming that notice was actually published;

- no publication tear sheet or newspaper certification showing that publication occurred;

- an incomplete return of service associated with the summons.

These defects are not based on disputed facts or competing testimony. They appear on the face of the certified state-court record itself. The certified record is accurate and contains no completed service, and personal jurisdiction never attached.

The summons appearing in the record is marked "COPY," and the return of service is incomplete.

The record further reflects a timeline inconsistency demonstrating that lawful publication could not have occurred. The order allowing service by publication was entered on July 18, 2007, in the certified record (Dkt. 119). Massachusetts law requires that publication occur once per week for three consecutive weeks before service by publication can be deemed complete. The certified docket and record contain no proof that this required publication period ever occurred (Dkt. 119).

Despite the absence of lawful service, temporary orders affecting Appellant's parental rights and imposing income withholding were entered in the certified record (Dkt. 119). Only after those orders were in place did Appellant appear in the proceedings.

Appellant alleges that his participation occurred under coercive circumstances, including separation from his children, wage garnishment through an income withholding order, and threat of arrest.

Appellant later obtained the certified docket record revealing the service defects and brought this action alleging that the orders were entered without personal jurisdiction and therefore violated the Due Process Clause.

3

Appellant moved for relief under Rule 60(b)(4), asserting that the resulting judgments are void. The district court dismissed the action for lack of subject-matter jurisdiction, concluding that the claims were barred by the *Rooker–Feldman* doctrine.

During the district court proceedings, Appellant's electronic filing privileges were suspended, limiting his ability to file motions and responses through the Court's CM/ECF system. Appellant nevertheless complied with the court's orders through alternative service methods.

Appellant timely filed a notice of appeal. This Court has jurisdiction under 28 U.S.C. §1291.

## SUMMARY OF THE ARGUMENT

The district court dismissed this action on the theory that Appellant sought review of a state-court judgment. That characterization is incorrect.

Appellant does not challenge the merits of any state-court order. Rather, Appellant alleges that state actors deprived him of parental rights and wages through orders entered before the court obtained personal jurisdiction over him through lawful service of process.

A judgment entered without personal jurisdiction violates the Due Process Clause and is void. Federal courts routinely determine whether judgments are void under Rule 60(b)(4) when service of process was defective or absent.

The district court's dismissal therefore misapplied the *Rooker–Feldman* doctrine. Because Appellant alleges an independent constitutional injury supported by the certified record, the district court was required to address the Rule 60(b)(4) motion.

## ARGUMENT

Because the certified record contains no proof that service was ever accomplished, personal jurisdiction never attached, and the resulting orders are void as a matter of law.

# I  A Judgment Entered Without Personal Jurisdiction Violates the Due Process Clause

Service of process is the mechanism by which a court obtains personal jurisdiction over a defendant. Without lawful service, a court lacks authority to bind the defendant through judgment.

The First Circuit has repeatedly emphasized that proper service of process is a prerequisite to personal jurisdiction. See *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 23–24 (1st Cir. 1992).

The Supreme Court has likewise held that a judgment entered without proper service violates the Due Process Clause. Because service is the mechanism that gives a court power over a person, failure to comply with service requirements deprives the court of jurisdiction. A judgment entered without personal jurisdiction is a legal nullity and may not be enforced consistent with due process. See *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988).

# II  This Appeal Presents a Pure Question of Law

This appeal does not depend on disputed facts, credibility determinations, or evidentiary weighing. The jurisdictional defect arises entirely from the face of the certified record.

Where the existence of personal jurisdiction turns solely on whether required procedural steps appear in the record, the issue presents a pure question of law appropriate for appellate resolution.

Because the certified record (Dkt. 119) contains no affidavit of diligent search, no proof of publication, and no completed return of service, the jurisdictional defect is apparent without further factual development.

Accordingly, this Court may resolve the issue as a matter of law.

### III  Service by Publication Requires Strict Compliance With Constitutional Notice Requirements

Service by publication is constitutionally permissible only when notice reasonably calculated to reach the defendant cannot otherwise be accomplished.

The Supreme Court established the governing standard in *Mullane v. Cent. Hanover Bank &Trust Co.*, 339 U.S. 306, 314–15 (1950).

Under *Mullane*, notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Because publication notice is inherently weak, courts require strict compliance with procedural safeguards, including affidavits demonstrating diligent search and proof that publication actually occurred.

**Authorization of service by publication does not itself confer personal jurisdiction. Jurisdiction attaches only upon completion of service in accordance with governing procedural rules. Where the record contains no affidavit of diligent search, no proof that publication occurred, and no completed return of service, service was never effected and personal jurisdiction never attached.**

The certified record (Dkt. 119) confirms that several of these required safeguards are absent. The record contains no affidavit of diligent search, no proof of publication, and no publication certification or tear sheet demonstrating that notice was published as required. The certified record also contains the Ex Parte Temporary Orders and the certified docket report.

Additionally, the timeline reflected in the record confirms an independent jurisdictional defect. The order allowing service by publication was entered on July 18, 2007, in the certified record (Dkt. 119). Massachusetts law requires publication once per week for three consecutive weeks before service by publication can be completed. The record contains no proof that such publication occurred.

These defects establish that the Probate and Family Court never obtained personal jurisdiction over Appellant before issuing orders affecting his parental rights and wages.

The jurisdictional defects presented here do not depend on disputed facts or credibility determinations. They arise from the face of the certified state-court record itself. The certified record reflects the absence of an affidavit of diligent search, the absence of proof of publication, and an incomplete return of service. Because those procedural steps are required, the Probate and Family Court never acquired personal jurisdiction before issuing the orders at issue. In that circumstance, the resulting judgment cannot stand consistent with the Due Process Clause.

Because the state court never obtained personal jurisdiction, the orders entered in that proceeding are void, and their continued enforcement represents an ongoing deprivation of constitutional rights.

These constitutional injuries did not arise solely from present enforcement, but began at the moment orders were entered without jurisdiction and have continued uninterrupted to the present.

## IV  Later Participation Cannot Cure a Jurisdictional Defect

Defendants may point to Appellant's later participation in subsequent proceedings. That participation occurred only after the Probate and Family Court had already entered temporary orders affecting custody and imposed income withholding affecting Appellant's wages.

These orders were entered before lawful service had been completed and before the court had obtained personal jurisdiction over Appellant.

Appellant alleges that his later participation occurred under coercive circumstances, including separation from his children, the existence of temporary custody orders, wage garnishment through income withholding, and the threat of arrest for noncompliance.

Participation obtained under such circumstances does not constitute voluntary appearance or waiver of jurisdictional defects.

A court that lacked personal jurisdiction at the time of its initial judgment cannot cure that defect through later proceedings. A judgment entered without personal jurisdiction is void and therefore constitutes a legal nullity. See *Pennoyer v. Neff*, 95 U.S. 714, 732–33 (1877).

The Supreme Court has held that a judgment entered without proper service violates the Due Process Clause and cannot stand. See *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988). The certified docket and service materials are complete and contain no return of service, no affidavit of diligent search, and no proof of publication. This case does not involve imperfect or defective service. It involves the absence of any proof that service was ever accomplished. All participation occurred only after orders had already been entered without jurisdiction, and therefore cannot retroactively validate void proceedings.

Accordingly, the relevant constitutional inquiry remains whether the Probate and Family Court obtained personal jurisdiction before issuing the first orders affecting Appellant's parental rights and wages.

## V   The District Court Misapplied the *Rooker–Feldman* Doctrine

The district court dismissed the action on the ground that it lacked jurisdiction to review a state-court judgment. That reasoning misconstrues Appellant's claim.

Appellant does not seek appellate review of the merits of the state-court orders. Instead, Appellant alleges that the initial orders were entered before the court obtained personal jurisdiction and therefore caused constitutional injury.

The Supreme Court has made clear that the *Rooker–Feldman* doctrine is limited in scope. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).

*Rooker–Feldman* applies only when a federal plaintiff asks a federal court to review and reject a state-court judgment.

Here, Appellant asks only that a federal court determine whether the orders were entered without jurisdiction and therefore violated due process. Federal courts possess

original jurisdiction over such constitutional claims brought under 42 U.S.C. §1983. See 28 U.S.C. §1331.

Because this claim asserts an independent constitutional injury rather than seeking appellate review of a state judgment, *Rooker–Feldman* does not apply.

A federal court does not engage in appellate review of a state judgment when it determines that the judgment is void for lack of jurisdiction; it determines that no valid judgment ever existed.

This claim arises under 42 U.S.C. §1983, which provides a federal remedy when state actors deprive a person of constitutional rights under color of state law. Appellant alleges that state officials enforced orders affecting his parental rights and wages before the state court acquired personal jurisdiction through lawful service of process. Such enforcement constitutes a deprivation of property and liberty interests without due process of law. Because §1983 expressly authorizes federal courts to adjudicate constitutional violations committed under color of state law, the district court possessed jurisdiction to consider Appellant's claim.

## VI  The District Court Should Have Addressed Appellant's Rule 60(b)(4) Motion

Because the jurisdictional defects appear on the face of the certified state-court record itself and require no disputed facts or credibility determinations, this appeal presents a pure question of law that federal courts are fully competent—and required—to resolve before any further proceedings.

Federal courts have authority to determine whether a judgment is void under Rule 60(b)(4) when the judgment was entered without jurisdiction or in violation of due process. See *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Because personal jurisdiction is a prerequisite to any valid judgment, the district court was required to determine whether jurisdiction attached before dismissing Appellant's claims. Federal courts must resolve jurisdictional questions at the outset of a case. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Where constitutional

rights are implicated, federal law further contemplates expedited consideration of such claims. See 28 U.S.C. §1657(a).

Rather than addressing those jurisdictional defects, the district court dismissed the action outright.

The state court lacked personal jurisdiction at the time it entered the initial orders, and those orders are void as a matter of law. The certified record reflects the absence of required service steps, and no further inquiry is necessary.

Because the Rule 60(b)(4) motion raised a threshold constitutional issue, the district court erred in refusing to evaluate the jurisdictional question.

A statement that de novo review was conducted cannot substitute for actual analysis of the dispositive jurisdictional record. Where the court does not address the controlling evidence, the review is functionally indistinguishable from no review at all.

## VII  The District Court Failed to Conduct Meaningful De Novo Review of the Jurisdictional Record

Although the district court stated it conducted de novo review (ECF 149 at 2), it never addressed the certified state-court records demonstrating defective service, rendering the review incomplete and reversible error.

When a party files objections to a magistrate judge's report and recommendation, the district court must review the challenged portions de novo. Fed. R. Civ. P. 72(b)(3).

Appellant's objections specifically raised the threshold question whether the state court had obtained personal jurisdiction through lawful service of process. Because personal jurisdiction is a prerequisite to the validity of any judgment, the district court was required to independently evaluate the jurisdictional record before dismissing the action.

Instead, the district court adopted the Report and Recommendation without addressing the jurisdictional defects identified in the certified state-court record. Where objections raise a dispositive constitutional issue, failure to conduct meaningful de novo review constitutes reversible error.

Where the dispositive issue is jurisdiction, de novo review requires actual resolution of that issue, not summary adoption of a recommendation that avoided it.

Because the certified record contains no return of service, no affidavit of diligent search, and no proof of publication, there is no legally cognizable basis upon which personal jurisdiction could have attached. Under Peralta v. Heights Medical Center, 485 U.S. 80 (1988), a judgment entered without service is void as a matter of law. Accordingly, this Court must either recognize the absence of jurisdiction and vacate the judgment, or conclude—contrary to the record—that service occurred. No intermediate position is legally available.

## CONCLUSION

**The certified record establishes that personal jurisdiction had never attached when the Probate and Family Court first exercised coercive authority over Appellant. An appearance obtained after the entry of orders without jurisdiction, and under coercive conditions, cannot retroactively cure the absence of lawful service. Because the certified record contains no proof that service was ever accomplished, the state court lacked personal jurisdiction, and the resulting orders are void as a matter of law.**

This case presents a threshold jurisdictional defect that has never been adjudicated despite its dispositive nature.

The certified record demonstrates that the state court entered orders affecting Appellant's parental rights and wages without ever obtaining personal jurisdiction. Such orders are void ab initio and cannot be enforced consistent with the Due Process Clause.

Because this issue is apparent on the face of the record and presents a pure question of law, the district court was required to resolve it before dismissing the action.

Accordingly, Appellant respectfully requests that this Court vacate the judgment, as the absence of lawful service is apparent on the face of the certified record and precludes jurisdiction as a matter of law.

The certified record is complete and demonstrates that jurisdiction never attached; Because jurisdiction never attached, no valid judgment exists; and because no valid judgment exists, continued enforcement is unconstitutional as a matter of law.

Appellant respectfully requests oral argument pursuant to Fed. R. App. P. 34(a)(2).

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"OPENING BRIEF OF PLAINTIFF–APPELLANT"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Respondents' counsel,

- **Nigel Stevens, Assistant Attorney General**
  nigel.stevens@mass.gov

- **Alexander Weiss, Assistant Attorney General**
  alexander.weiss@mass.gov

- **Office of the Attorney General (Administrative Law Filings)**
  AdLawEFilings@mass.gov

via email to email address on the record, on March 26, 2026.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented