IN THE

# United States Court of Appeals
# For the First Circuit

GREGORY ALVIN JAMES VAN ETTEN

*Plaintiff - Appellant*

*v.*

FATTMAN, *et al.*

*Defendants - Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

(HON. MARGARET R. GUZMAN, U.S. DISTRICT JUDGE)

EMERGENCY MOTION FOR STAY OF ENFORCEMENT
PENDING APPEAL

GREGORY ALVIN JAMES VANETTEN
C/O: 1530 P B LN #V1425
WICHITA FALLS, TEXAS [76302]
(301) 820-5302
JIM.VANETTEN@GMAIL.COM

Appellant Gregory Alvin James Van Etten respectfully moves this Court for an emergency stay of enforcement of the challenged state-court orders pending resolution of this appeal.

This motion is filed in light of the Court's April 9, 2026 Order enlarging Appellees' time to file their brief to June 26, 2026, while Appellant's Emergency Motion to Expedite and for Summary Disposition remains pending. Because enforcement continues during this extended briefing period, interim relief is necessary to prevent ongoing irreparable harm arising from orders challenged as void for lack of personal jurisdiction.

## I  Compliance with Fed. R. App. P. 8(a)

Although Federal Rule of Appellate Procedure 8(a)(1) generally requires a motion for stay to be made first in the district court, such a motion would be impracticable here. The district court has already dismissed the underlying action and denied related relief, rendering further application to that court impracticable. See *In re Grand Jury Proceedings*, 417 F.3d 179, 181 (1st Cir. 2005).

## II  Nature of Relief Requested

Appellant seeks a stay of all enforcement actions arising from the challenged state-court orders, including wage withholding, collection activity, and related enforcement mechanisms, pending resolution of this appeal. This motion does not seek to alter the merits of the appeal, but to preserve the status quo while this Court resolves the threshold jurisdictional issue. Appellant does not challenge the substance of any state-court determination in this motion; the sole issue presented is whether the orders were entered without personal jurisdiction, and therefore cannot be enforced pending that determination. A stay would preserve the status quo by temporarily suspending enforcement without altering the rights of the parties pending resolution of the jurisdictional question.

## III  Background

This appeal presents a narrow and dispositive constitutional question: **whether the underlying state-court orders were entered without personal jurisdiction**

**due to the absence of lawful service of process.** The certified state-court record submitted at Dkt. 119 fails to contain legally sufficient proof of service, including no affidavit of diligent search, no proof of publication, and no completed return of service. These omissions violate the strict prerequisites of Mass. R. Dom. Rel. P. 4(d)(4)–(6), which permit service by publication only after an affidavit of diligent search, court approval, and proof by affidavit of publication accompanied by the return receipt (if practicable). Appellees do not identify any record evidence establishing service. A judgment entered without personal jurisdiction is void and cannot be enforced consistent with due process. See *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988); *Pennoyer v. Neff*, 95 U.S. 714, 732–33 (1878).

## IV   Need for Immediate Relief

On April 9, 2026, this Court granted Appellees' motion to enlarge time to June 26, 2026. While Appellant's motion to expedite remains pending, enforcement continues during this extended period. This creates a posture in which the jurisdictional defect remains unresolved, yet enforcement continues under that unresolved defect, causing harm to accrue daily during the Court's consideration. Accordingly, a stay is necessary to preserve the Court's ability to grant meaningful relief.

## V   Application of the Stay Factors

A stay pending appeal is governed by the traditional four-factor test: (1) likelihood of success on the merits; (2) irreparable injury absent a stay; (3) substantial injury to other parties; and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 426–34 (2009); 1st Cir. R. 8.0.

## VI   Likelihood of Success on the Merits

This appeal presents a binary question of law: whether the record contains legally sufficient proof of service, or whether personal jurisdiction never attached. The record contains no affidavit of diligent search, no proof of publication, and no completed return of service. These omissions violate the strict prerequisites of Mass. R. Dom. Rel. P. 4(d)(4)–(6). Appellees do not identify any record evidence establishing service. Service of process is the mechanism by which a court obtains jurisdiction over a defendant.

See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). A judgment entered without notice or service violates due process and is void. *Peralta*, 485 U.S. at 84–86; *Pennoyer*, 95 U.S. at 732–33. Because the certified record fails to contain legally sufficient proof of service, Appellant has made a strong showing of likelihood of success.

## VII   Irreparable Harm

Appellant continues to suffer ongoing harm, including:

- Wage garnishment and financial deprivation;

- Impairment of credit and professional standing; and

- Continuing economic injury affecting employment and income.

These harms are continuous and not compensable through later relief. Each continued enforcement action constitutes a fresh deprivation of property without due process. Because the underlying orders are challenged as void for lack of jurisdiction, these ongoing deprivations arise from enforcement that lacks a lawful foundation. The Supreme Court has recognized that the loss of constitutional rights, even for minimal periods, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion).

## VIII   Balance of Equities

The balance of equities favors a stay. Appellant faces ongoing constitutional and financial injury, while Appellees face only a temporary delay in enforcement. A stay preserves the status quo while this Court resolves the threshold issue.

## IX   Public Interest

The public interest favors preventing enforcement of judgments entered without jurisdiction. Jurisdiction is a threshold requirement that must be established before a court may exercise authority. See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Allowing enforcement to continue without jurisdiction undermines due process and the rule of law.

**X  Interim Relief Is Necessary During Extended Briefing**

This Court has permitted briefing to extend through June 26, 2026. Absent a stay, enforcement will continue throughout this period, harm will accumulate, and the Court's eventual ruling risks being rendered incomplete in practical effect. This is not a neutral delay—it permits continued enforcement under a disputed jurisdictional foundation. A stay ensures that the Court's ultimate decision remains meaningful.

**XI   Request for Prompt Consideration**

Given the ongoing and continuing nature of the harm, Appellant respectfully requests expedited consideration of this motion. If the Court determines that a response is necessary, Appellant respectfully requests that any response be ordered on a shortened schedule. Absent interim relief, Appellant may be required to seek further emergency relief to prevent continued irreparable harm.

**XII   Relief Requested**

Appellant respectfully requests that this Court:

1. Grant an emergency stay of enforcement pending resolution of this appeal;

2. Consider this motion on an expedited basis; and

3. Grant such further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented

4

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"EMERGENCY MOTION FOR STAY OF ENFORCEMENT PENDING APPEAL"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Respondents' counsel,

- **Nigel Stevens, Assistant Attorney General**

  nigel.stevens@mass.gov

- **Alexander Weiss, Assistant Attorney General**

  alexander.weiss@mass.gov

- **Office of the Attorney General (Administrative Law Filings)**

  AdLawEFilings@mass.gov

via email to email address on the record, on April 22, 2026.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Appellant
Self-Represented